Argued and submitted July 7, 1993, affirmed July 6, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## GREGORY JAMES BLANKENSHIP,
*Appellant.*

## (86-1245; CA A77873)

877 P2d 674

Constance Crooker argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Riggs and Haselton,* Judges.

HASELTON, J.

---

* Haselton, J., *vice* Durham, J.

## HASELTON, J.

Defendant appeals from an order denying his motion to set aside his conviction for sexual abuse in the first degree. We affirm.

In 1987, defendant was convicted of first degree sexual abuse of a five-year-old child, which at that time was a class C felony.[1] When defendant was convicted, ORS 137.225 permitted defendants to have convictions for class C felonies set aside after three years if they met certain requirements.[2]

In 1989, the legislature amended ORS 137.225 to exclude convictions for a number of crimes that would constitute child abuse, including sexual abuse in the first degree. Or Laws 1989, ch 774, § 1. Thus, as of 1989, defendant's conviction could not be set aside.

In 1991, the legislature elevated the classification of sexual abuse in the first degree from a class C to a class B felony and made sexual abuse in the second degree, which had previously been a class A misdemeanor, a class C felony. Or Laws 1991, ch 830, §§ 2, 3. In the same bill, the legislature eliminated the reference in ORS 137.225 to sexual abuse in the *first* degree, replacing it with an exclusion for sexual abuse in the *second* degree. Or Laws 1991, ch 830, § 6.[3]

In September 1992, after successfully completing the terms of his probation, including sexual offender treatment, defendant moved, under ORS 137.225, to have his 1987 conviction set aside. The court initially granted the motion

---

[1] Defendant was convicted under the 1987 version of ORS 163.425. Sexual abuse in the first degree is now codified at ORS 163.427.

[2] At the time of defendant's conviction, ORS 137.225 provided, in part:

"(1)(a)  At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

"(5)  The provisions of paragraph (a) of subsection (1) of this section apply to a conviction of:

"(a)  A Class C felony."

[3] Pertinent provisions of the current version of ORS 137.225, incorporating the 1991 amendments, are set forth below.

but, on the state's motion to reconsider, declined to set aside the conviction.

ORS 137.225 currently provides, in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

"(5)   *The provisions of (1)(a) of this section apply to a conviction of*:

"(a)   *A Class C felony, except for the following crimes* when they would constitute child abuse as defined in ORS 419B.005:

"* * * * *

"(D)   *Sexual abuse in the second degree under ORS 163.425*;

"* * * * *

"(d)   A misdemeanor, including a violation of a municipal ordinance, for which a jail sentence may be imposed, except for the following crimes when they would constitute child abuse as defined in ORS 419B.005:

"(A)   Sexual abuse in the third degree under ORS 163.415 * * *." (Emphasis supplied.)

■   Defendant argues that because his offense, at the time of conviction, was classified as a class C felony and the statutory exceptions do not include sexual abuse in the *first* degree, his conviction should be set aside. In determining whether defendant's conviction is subject to being set aside under ORS 137.225(1)(a), we must determine whether that conviction is one "described in subsection (5)." That, in turn, requires a two-step inquiry. First, does defendant's conviction fall within ORS 137.225(5)(a) as "a conviction of * * * [a] class C felony"? Second, even if so, is the conviction excluded under any of the exceptions, ORS 137.225(5)(a)-(A)-(E), and thus not subject to being set aside?

We begin with the text and context of ORS 137.225-(5)(a) to discern the legislature's intent. *PGE v. Bureau of*

*Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The phrase "a conviction of: A Class C felony" could reasonably mean either: (1) a conviction for an offense that was classified as a class C felony at the time of conviction; or (2) a conviction for an offense that is currently classified as a class C felony.

The context of the statute supports the second interpretation. Read together, ORS 137.225(1)(a), ORS 137.225-(5)(a)(D) and ORS 137.225(5)(d)(A) express the legislature's determination to bar the setting aside of convictions for child-related sexual abuse in the first, second or third degrees. *See State v. Burke*, 109 Or App 7, 13, 818 P2d 511 (1991).[4] Notwithstanding its original "class C" classification, defendant's conviction, which would currently be classified as a class B felony, is such a conviction. Accordingly, it is not subject to being set aside. Under defendant's contrary construction, ORS 137.225(5) would prohibit setting aside convictions for second and third degree sexual abuse, but would permit setting aside convictions for first degree sexual abuse, simply because the offense was classified as a "class C" felony at the time of conviction. The text and context of the statute do not support such a counterintuitive result.[5]

■   Defendant argues, in the alternative, that the version of ORS 137.225 in effect at the time he was convicted must govern his motion to set aside, either because the legislature did not intend that the amendments to that statute should apply retroactively or because retroactive application of those amendments would violate the *ex post facto* provisions of the Oregon and federal constitutions. We rejected both arguments in *State v. Burke, supra*, 109 Or App at 10-13.

Affirmed.

---

[4] *State v. Burke, supra*, quotes the statement of Senator Jim Hill that the purpose of the 1989 amendments was "to protect professions and children where there is a likelihood of some contact with people who have sexual criminal offenses in their records." Tape recording, Senate Floor Debates, May 8, 1989, Side 1 at 159.

[5] Defendant makes much of the 1991 legislature's deletion of the exception for convictions of first degree sexual abuse from the prior, 1989 version of ORS 137.225(5)(a). The obvious contextual explanation for this deletion is that once the 1991 legislature elevated first degree sexual abuse from a class C to a class B felony, any reference to first degree sexual abuse in ORS 137.225(5)(a), which pertained exclusively to class C felonies, would have been a nonsequitur.