Argued and submitted December 21, 1995, affirmed July 24, petition for review denied September 24, 1996 (324 Or 229)

STATE OF OREGON,
*Respondent,*

*v.*

JEROME STANLEY ANDRE,
*Appellant.*

(93-01635; CA A84483)

920 P2d 1145

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Paula L. Lawrence, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant was convicted in a jury trial of three counts of burglary in the first degree, ORS 164.225, menacing, ORS 166.220, carrying a deadly weapon with intent to use it against another, ORS 163.190, and pointing a firearm at another, ORS 166.190. Defendant appeals and argues that the court erred in imposing sentence by finding that ORS 137.635 was applicable to his burglary convictions. We affirm.

ORS 137.635 provides:

"(1)   When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121.

"(2)   Felonies to which subsection (1) of this section apply include and are limited to:

"* * * * *

"(h)   Burglary in the first degree, as defined in ORS 164.225."

During sentencing, the court noted that defendant had a prior burglary conviction. In 1971, defendant was charged under *former* ORS 164.230 (repealed by Or Laws 1971, ch 743, § 432) as follows:

> "[Defendant] knowingly and feloniously broke and entered a certain dwelling house, to-wit: dwelling house of one Fred Anthony located at Route 1, Box 142, Coos Bay, Oregon by forcibly breaking the outer door of said dwelling house with the intent of him, the said defendant, to commit a crime therein, to-wit: steal away and steal the goods and chattels said chattels being located in said dwelling house."

Defendant was convicted of that offense. The state argued that the elements of ORS 164.225 mirror the elements of *former* ORS 164.230, and the court agreed. Thus it held that defendant's prior burglary conviction under *former* ORS 164.230 satisfied the requirement of ORS 137.635 that defendant have a prior conviction of "[b]urglary in the first degree, as defined in ORS 164.225."

Defendant argues that it is not clear that the elements of the two crimes are the same. He contends that, while his earlier conviction involved unlawfully entering a dwelling with the intent to steal, that is not the same crime defined in ORS 164.225. We disagree.

*Former* ORS 164.230 provided:

> "Any person who breaks and *enters any dwelling house with intent to commit a crime therein,* or having entered with such intent, breaks any dwelling house, or is armed with a dangerous weapon therein, or assaults any person lawfully therein, *is guilty of burglary,* and shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years."

(Emphasis added.) Defendant was found to have entered a dwelling house with the intent to commit a crime therein, that is, to steal the contents.

ORS 164.225 provides:

> "A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling * * *."

ORS 164.215 provides that it is unlawful to "enter or [remain] unlawfully in a building with intent to commit a crime therein." Thus, burglary as defined by ORS 164.225 is

accomplished if a person (1) enters or remains unlawfully, (2) in a dwelling, (3) with intent to commit a crime therein.

The elements of the burglary for which defendant was convicted in 1971 are the same elements that constitute burglary in the first degree as defined in ORS 164.225. The fact that the statute numbers have changed is not controlling. ORS 137.635 does not state that the prior conviction must have been "in violation of" the current statute number. If it did, defendant's argument might carry more weight. However, the phrasing is "as defined in" the current statute. ORS 137.635. So long as the elements of the crime for which a defendant was convicted constitute a felony as defined by one of the enumerated statutes, ORS 137.635 applies. Defendant's arguments to the contrary are not persuasive.

Affirmed.