Submitted on record and briefs July 7, reversed and remanded September 27, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# CLIFFORD BENJAMIN SORENG, JR.,
*Appellant.*

8908-34232; A126496

145 P3d 195

Clifford B. Soreng, Jr., filed the briefs *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Linder, Judge.

LINDER, J.

---

* Brewer, C. J., *vice* Wollheim, J.

**LINDER, J.**

Defendant appeals an order denying his motion to set aside his conviction for criminally negligent homicide.[1] After examining ORS 137.225 (the statute providing for a conviction to be set aside) and considering the effect of a 2003 amendment to ORS 163.145 (the statute defining criminally negligent homicide), we conclude that the trial court erred. Accordingly, we reverse and remand.

The relevant facts are few and procedural. In 1990, defendant was convicted of criminally negligent homicide, ORS 163.145, when criminally negligent homicide was classified as a Class C felony. ORS 163.145(2) (1971). In 2003, the legislature amended ORS 163.145(2), reclassifying criminally negligent homicide as a Class B felony. Or Laws 2003, ch 815, § 2. In 2004, defendant moved to have his conviction set aside pursuant to ORS 137.225, which the state opposed. As noted, the trial court agreed with the state's position in opposition to the motion and denied the motion.

ORS 137.225 provides, in part:

"(1)(a) At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

"(5) The provisions of subsection (1)(a) of this section apply to a conviction of:

"(a) A Class C felony * * *.

"* * * * *

"(11) Unless the court makes written findings by clear and convincing evidence that granting the motion would

---

[1] A judgment denying a motion to set aside a conviction pursuant to ORS 137.225 is appealable under *former* ORS 19.010(4) (1995), *renumbered as* ORS 19.205(5) (1997), as an appeal from a "special statutory proceeding." *State v. K. P.*, 324 Or 1, 6, 921 P2d 380 (1996).

not be in the best interests of justice, the court *shall grant the motion* * * * if the defendant has been convicted of one of the following crimes and is otherwise eligible for relief under this section:

"* * * * *

"(j)   Criminally negligent homicide, ORS 163.145."

(Emphasis added.) The trial court denied defendant's motion, reasoning that, because criminally negligent homicide is now classified as a Class B felony and thus does not fit within the provision in ORS 137.225(5)(a) allowing for a Class C felony conviction to be set aside, defendant's conviction could not be set aside.

■     In determining whether the trial court correctly applied ORS 137.225 in light of the 2003 amendment to ORS 163.145, our task is to discern legislative intent, applying the familiar template set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Because ORS 137.225 governs the setting aside of convictions, we begin with the text of that provision. *See, e.g., Hughes v. PeaceHealth*, 204 Or App 614, 622, 131 P3d 798 (2005), *rev allowed*, 341 Or 140 (2006) ("[W]e first look to the text and context of the statutory provision as the best evidence of the legislature's intent.").

As relevant here, ORS 137.225 provides that "a conviction of * * * [a] class C felony" may be set aside. In addition, the statute provides that, in general, the court "shall" grant a motion to set aside a conviction for criminally negligent homicide. ORS 137.225(11)(j). Nothing in the text of ORS 137.225 suggests that the legislature intended to make a conviction for criminally negligent homicide ineligible to be set aside. Indeed, the explicit statement in subsection (11) that a conviction for criminally negligent homicide "shall" be set aside indicates that the legislature intended that at least some convictions for that crime would be "otherwise eligible" to be set aside. In short, nothing in the text of ORS 137.225 supports the state's argument that defendant's conviction is not eligible to be set aside; in fact, the text points in the opposite direction.

The state remonstrates that, because—in its view—all convictions for criminally negligent homicide are now convictions for a Class B felony, the reference to criminally negligent homicide in ORS 137.225(11)(j) is an anomaly. It asserts that failure to remove that crime from the list of crimes in subsection (11) was mere oversight. But if, as we conclude, the legislature intended to allow those with convictions for criminally negligent homicide before 2003—that is, those with convictions for Class C felonies—to still be eligible to have their convictions set aside, the provision is not anomalous. *See* ORS 174.010 (court is to interpret statute so as to give effect to each provision).

We turn to an examination of the 2003 amendment to ORS 163.145. When the legislature amended ORS 163.145 in 2003, did it intend to render individuals who already stood convicted of criminally negligent homicide ineligible to have their convictions set aside under ORS 137.225? The bill that amended ORS 163.145 in 2003 also changed the crime seriousness ranking of criminally negligent homicide to level 9 (for purposes of the sentencing guidelines) if the homicide resulted from a motor vehicle that was driven by someone under the influence of intoxicants. That is, the bill addressed deaths caused by drunk driving, not setting aside of convictions. According to a staff summary, the purpose of the reclassification of the crime from a Class C felony to a Class B felony was to allow imposition of 36 months of post-prison supervision. *See* Staff Summary, Joint Committee on Ways and Means, SB 421, Aug 7, 2003, 1. Nothing in the text or context of the bill, or in its legislative history, suggests that the legislature intended to transform all then-existing convictions for criminally negligent homicide into convictions for Class B felonies. More specifically, nothing in the text (which says nothing about setting aside of convictions) or legislative history of the 2003 amendment to ORS 163.145 suggests that the legislature intended to make then-existing convictions for criminally negligent homicide as a Class C felony ineligible to be set aside.

■■ Although the text, context, and legislative history of the two statutes strongly suggest that the legislature did not intend to preclude the setting aside of pre-2003 convictions for criminally negligent homicide, any doubt is removed by

applying a *PGE* third-level maxim that is particularly material here. If we were to interpret ORS 163.145 (as amended in 2003) to apply to all then-existing convictions for criminally negligent homicide, that would effectively mean that the 2003 amendment retroactively changed all preexisting convictions for criminally negligent homicide from convictions for Class C felonies to convictions for Class B felonies. First, "[t]extual silence alone * * * strongly suggests that the legislature either did not intend the statute to be retroactive or did not consider the matter." *State ex rel Juv. Dept. v. Nicholls*, 192 Or App 604, 611, 87 P3d 680 (2004). Moreover, as we have explained, if "retroactive application would give rise to a serious concern as to the provision's constitutionality, we avoid that construction." *Id.* at 610. "Similarly, if retroactive application would lead to an anomalous or strained outcome, we do not assume in the face of linguistic and historical silence that the legislature intended that outcome." *Id.*

Here, if we were to interpret the 2003 amendment to ORS 163.145 to apply retroactively to change all then-existing convictions for criminally negligent homicide into convictions for a Class B felony, it would create two problems. First, it would, as the state appears to recognize, render ORS 137.225(11)(j) meaningless, as no conviction for criminally negligent homicide could be set aside. Second, it would create serious questions as to the constitutionality of the provision, as its retroactive application likely would violate the state and federal constitutional prohibitions against *ex post facto* laws. Although it is true that simply removing a crime from the list of those crimes convictions that may be set aside is not an *ex post facto* violation, *State v. Burke*, 109 Or App 7, 818 P2d 511 (1991), changing an existing conviction from one for a Class C felony to one for a Class B felony has much broader ramifications—including increasing the maximum sentence that could be imposed. *See, e.g.*, ORS 161.605 (setting out maximum prison terms for different classes of felonies). A law that retroactively increases the punishment for a crime is a classic example of a law that violates the state and federal *ex post facto* prohibitions. *See, e.g.*, *State v. Upton*, 339 Or 673, 682, 125 P3d 713 (2005) ("Generally, the *ex post facto* clauses of both constitutions prohibit retroactive legislation

that makes actions criminal after the fact, or increase the punishment for previously committed acts.").

We conclude, considering the text, context, and legislative history, and applying relevant maxims of construction, that the legislature did not intend to make pre-2003 convictions for criminally negligent homicide ineligible to be set aside under ORS 137.225. It follows that defendant's conviction is for a Class C felony and—assuming it otherwise qualifies—the conviction fits within the provision in ORS 137.225(5)(a) allowing for the setting aside of a conviction for a Class C felony.

We note that our conclusion in this case does not conflict with this court's opinion in *State v. Blankenship*, 129 Or App 87, 877 P2d 674 (1994), a case that neither party cited, but that has some important similarities to this case. In *Blankenship*, the defendant was convicted of first-degree sexual abuse in 1987, which, at that time, was a Class C felony. Also at the time, as now, ORS 137.225 generally provided that Class C felony convictions could be set aside. In 1989, the legislature amended ORS 137.225 to provide that a conviction for first-degree sexual abuse could not be set aside. In 1991, the legislature, in a single bill, (1) reclassified first-degree sexual abuse as a Class B felony, and (2) amended ORS 137.225 to replace the reference to first-degree sexual abuse with a reference to second-degree sexual abuse. In 1992, the defendant moved to have his first-degree sexual abuse conviction set aside; the trial court denied the motion and this court affirmed. *Id.* at 89-91.

As in this case, we considered whether the legislature intended to exclude from ORS 137.225 convictions for crimes that were Class C felonies at the time they were reduced to judgment, but where the legislature later made the same crime a Class B felony. In contrast to our conclusion in this case, in *Blankenship*, we concluded that the defendant was not eligible to have his conviction set aside. We explained that the amendments to ORS 137.225, read together, "express[ed] the legislature's determination to bar the setting aside of convictions for child-related sexual abuse in the first, second or third degrees." *Id.* at 91.

*Blankenship* is distinguishable because, in that case, we addressed a statutory amendment that both affected which crimes were subject to being set aside under ORS 137.225 and also changed the classification of one of those crimes. Our focus, however, was on the changes to ORS 137.225. Here, in contrast, the legislature did nothing to ORS 137.225 to suggest that pre-2003 convictions for criminally negligent homicide would no longer be subject to being set aside. Rather, it simply made the more general change to the classification of the crime, without expressing any intent to apply the change retroactively or any intent otherwise to prevent a conviction for that crime from being set aside. Moreover, it retained the reference to criminally negligent homicide in ORS 137.225(11)(j). For those reasons, this case is not controlled by *Blankenship*.

Reversed and remanded.