Submitted September 10, 2012, affirmed January 16, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT J. BECK,
*Defendant-Appellant.*

Curry County Circuit Court
C0030; A147713

295 P3d 169

Daniel M. Hinrichs filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

DUNCAN, J.

## DUNCAN, J.

Defendant appeals the trial court's denial of his motion to set aside his record of conviction for negligent homicide under *former* ORS 163.091 (1957), *repealed by* Or Laws 1971, ch 743, § 432.[1] For the reasons explained below, we conclude that ORS 135.225(7)—which provides that convictions for criminally negligent homicide as defined by ORS 163.145 cannot be set aside—also applies to convictions, like defendant's, for negligent homicide under *former* ORS 163.091. Therefore, the trial court correctly denied defendant's motion to set aside his conviction, and we affirm.

In 1961, defendant was convicted of negligent homicide, as defined by *former* ORS 163.091. That statute provided, in pertinent part, that a person committed the crime of negligent homicide if the person caused the death of another person by driving a motor vehicle in a grossly negligent manner. It also provided that the crime was punishable by "imprisonment in the county jail for not more than one year, or in the state penitentiary for not more than three years, or by a fine of not to exceed $2,500, or by both such fine and imprisonment." Thus, negligent homicide was punishable as either a felony or a misdemeanor. *Former* ORS 161.030 (1957) (*originally enacted as* General Laws of Oregon, Crim Code, ch I, §§ 2-4, pp 441-42 (Deady 1845-1864)), *repealed by* Or Laws 1971, ch 743, § 432; *State v. Hammond*, 34 Or App 893, 898, 580 P2d 556 (1978).

In 1971, as part of the creation of the Criminal Code, the legislature repealed *former* ORS 163.091 and created the crime of criminally negligent homicide, which was

---

[1] *Former* ORS 163.091 provided, in part:

"When the death of any person ensues within one year as the proximate result of injuries caused by:

"(1) The driving of any motor vehicle or combination of motor vehicles in a grossly negligent manner; * * *

"* * * * *

"the person driving such vehicle or combination of vehicles is guilty of negligent homicide, and, upon conviction, shall be punished by imprisonment in the county jail for not more than one year, or in the state penitentiary for not more than three years, or by a fine of not to exceed $2,500, or by both such fine and imprisonment."

codified as ORS 163.145.[2] As described below, the drafters of ORS 163.145 intended criminally negligent homicide to "encompass" negligent homicide under *former* ORS 163.091. 254 Or App at 614-15. The legislature classified criminally negligent homicide as a Class C felony. Or Laws 1971, ch 743, § 91. In 2003, the legislature reclassified it as a Class B felony. Or Laws 2003, ch 815, § 2.

In 2010, defendant filed a motion to set aside his conviction for negligent homicide. ORS 137.225 (2009) governs motions to set aside convictions.[3] Generally speaking, subsection (1) of ORS 137.225 identifies the basic requirements and processes for setting aside a conviction, subsection (5) identifies categories of convictions that can be set aside, and subsections (6) and (7) identify exceptions to those categories. As relevant here, the statute provides:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction[.] * * *

"* * * * *

"(3)   * * * Except as otherwise provided in subsection (12) of this section, if the court determines that the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction * * * the court shall enter an appropriate order * * *. * * * Upon the entry of the order, the applicant for purposes of the law shall be deemed not to have been previously convicted * * * and the court shall issue an order sealing the record of conviction and other official records in the case[.]"

---

[2] ORS 163.145(1) provides, "A person commits the crime of criminally negligent homicide when, with criminal negligence, the person causes the death of another person."

[3] All references to ORS 137.225 are to the 2009 version, which was in effect at the time defendant's motion to set aside was litigated in the trial court. Although the statute has been amended several times since then, those amendments are either inapplicable or immaterial to our analysis. Or Laws 2012, ch 70, § 4; Or Laws 2011, ch 595, § 87; Or Laws 2011, ch 547, § 29; Or Laws 2011, ch 533, § 1; Or Laws 2011, ch 196, § 1.

"* * * * *

"(5)   The provisions of subsection (1)(a) of this section apply to a conviction of:

"(a)   A Class C felony [with certain inapplicable exceptions].

"* * * * *

"(c)   A crime punishable as either a felony or a misdemeanor, in the discretion of the court [with certain inapplicable exceptions].

"(d)   A misdemeanor [with certain inapplicable exceptions].

"(e)   A violation * * *.

"(f)   An offense committed before January 1, 1972, that if committed after that date would be:

"(A)   A Class C felony [with certain inapplicable exceptions].

"(B)   A crime punishable as either a felony or a misdemeanor, in the discretion of the court [with certain inapplicable exceptions].

"(C)   A misdemeanor [with certain inapplicable exceptions].

"(D)   A violation.

"(6)   Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"(a)   A conviction for a state or municipal traffic offense.

"* * * * *

"(7)   Notwithstanding subsection (5) of this section, the provisions of subsection (1)(a) of this section do not apply to criminally negligent homicide under ORS 163.145, when that offense was punishable as a Class C felony."

Thus, ORS 137.225(1)(a) provides that a person can apply to have a conviction set aside if more than three years have passed since the date of the pronouncement of judgment, the person has fully complied with and performed the sentence of the court, and the conviction is described

in ORS 137.225(5). In turn, ORS 137.225(5) provides that, subject to certain exceptions not applicable here, convictions can be set aside for Class C felonies, crimes punishable as either felonies or misdemeanors, misdemeanors, and violations. Convictions for Class A and B felonies cannot be set aside.[4]

In the trial court, the parties did not dispute that more than three years had passed since defendant's conviction or that defendant had fully complied with and performed the sentence of the court. Nor did they dispute that defendant's conviction—which was for a crime punishable as either a misdemeanor or felony—was the type that could be set aside, absent an applicable exception.[5] But, they did dispute whether an exception applied. Specifically, they disputed whether either the exception for traffic offenses, set out at ORS 137.225(6)(a), or the exception for convictions for criminally negligent homicide under ORS 163.145, set out at ORS 137.225(7), applied.

The trial court denied defendant's motion to set aside his conviction, and defendant appeals. On appeal, the parties renew the arguments they made in the trial court. Thus, the issue is whether defendant's conviction was subject to either of the two disputed exceptions.

The state's primary argument is that ORS 137.225(7) precludes the setting aside of defendant's conviction. Again, that subsection provides:

---

[4] Again, all references to ORS 137.225 are to the 2009 version in effect at the time of the litigation of defendant's motion to set aside his conviction. ORS 137.225(5)(a) was amended in 2011 and now allows for convictions for certain Class B felonies to be set aside, but not criminally negligent homicide. Or Laws 2011, ch 533, § 1.

[5] Defendant's conviction falls under ORS 137.225(5)(c) because it is for a crime that was punishable as either a misdemeanor or a felony. The state suggests that it falls under ORS 137.225(5)(f)(B) because it was for an offense committed before January 1, 1972, and was punishable as a misdemeanor or felony. But, ORS 137.225(5)(f) provides, *inter alia*, that convictions can be set aside for offenses committed before January 1, 1972, "that if committed after that date would be" a Class C felony, ORS 137.225(5)(f)(A), or a crime punishable as either a felony or a misdemeanor, ORS 137.225(5)(f)(B). Thus, whether a conviction can be set aside under ORS 137.225(5)(f) depends on how the offense would be classified after January 1, 1972. Defendant's offense, negligent homicide, was incorporated into the crime of criminally negligent homicide, as defined by ORS 163.145, which has, since its creation, been punishable as a felony (not as either a felony or a misdemeanor).

"Notwithstanding subsection (5) of this section, the provisions of subsection (1)(a) of this section do not apply to *criminally negligent homicide under ORS 163.145,* when that offense was *punishable as a Class C felony.*"

(Emphasis added.) Defendant points out that he was not convicted of criminally negligent homicide under ORS 163.145; he was convicted of negligent homicide under *former* ORS 163.091. He also points out that he was not convicted of a Class C felony, because such classifications did not exist when he committed his crime; they were not created until the enactment of the Criminal Code in 1971. *See* ORS 161.535, 161.555. The state acknowledges those facts, but argues that, although ORS 137.225(7) "specifically references ORS 163.145, the present codification of the offense of criminally negligent homicide, as well as the Class C felony classification, which did not exist when defendant committed his crime," "the context of [subsection (7)] provides strong support for the conclusion that the legislature does not intend for negligent homicide convictions such as defendant's to be set aside."

We agree with the state. Two points lead us to the conclusion that ORS 137.225(7) applies to convictions for negligent homicide under *former* ORS 163.091, like defendant's. First, the legislative history of ORS 163.145 establishes that the legislature intended the crime of criminally negligent homicide to encompass the crime of negligent homicide. Second, the legislature has clearly demonstrated its intent to prevent convictions for criminally negligent homicide from being set aside.

We turn first to the legislative history of ORS 163.145. Much of that history is located in the minutes of the meetings of the Criminal Law Revision Commission, which was responsible for drafting the 1971 Criminal Code. The October 22, 1969, minutes from Subcommittee No. 2 of the Criminal Law Revision Commission state, "The last major provision in the proposed Draft is for criminally negligent homicide. * * * Negligent homicide includes the automobile homicide section that now exists and Professor Platt did not think the Draft made any change whatsoever with respect to the test for the homicide." Minutes,

Subcommittee No. 2, Criminal Law Revision Commission, Oct 22, 1969, 29. Similarly, the November 14, 1969, minutes from Subcommittee No. 2 state:

"Section 4. Criminally negligent homicide. * * * Section 4 incorporates the automobile homicide statute and there will be a difference worked out because of this in that Professor Platt anticipated this section being graded as a third degree felony. * * * Presently, under ORS 163.091, the offense is an indictable misdemeanor[.]"

Minutes, Subcommittee No. 2, Criminal Law Revision Commission, Nov 14, 1969, 17.

Even more clearly, the published commentary regarding the section that became ORS 163.145 states, "This section *will encompass the existing Oregon provision in [former] ORS 163.091* which applies only to death caused through the 'gross' negligence in driving a motor vehicle." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 91, 91 (July 1970) (emphasis added). The commentary also states, "[T]he degree of negligence presently required under [*former*] ORS 163.091 for conviction in an auto death case approximates the meaning of 'criminal negligence' as defined in this Code and used in the draft section." *Id.* at 92. Thus, the legislative history shows that the legislature intended ORS 163.145 to "incorporate[] the automobile homicide statute," Minutes, Subcommittee No. 2, Criminal Law Revision Commission, Nov 14, 1969, 17, that is, to "encompass the existing Oregon provision in [*former*] ORS 163.091[.]" Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 91, 91 (July 1970). Thus, the legislature intended ORS 163.145 to include all acts previously criminalized under *former* ORS 163.091.

As mentioned, the legislature originally categorized criminally negligent homicide under ORS 163.145 as a Class C felony, and, as such, convictions for the crime could be set aside under ORS 137.225—and, in fact, had to be set aside if the defendant had performed satisfactorily since the date of his conviction. ORS 137.225(1)(a), (5)(a). In 1993, the legislature added a subsection, *former* ORS 137.225(11)(j)

(1993), *repealed by* Or Laws 2009, ch 560, § 1, that allowed a court to deny a motion to set aside a conviction for criminally negligent homicide, but only if the court made written findings, supported by clear and convincing evidence, that granting the motion would not be in the best interests of justice. *Or Laws 1993*, ch 664, § 2.

In 2003, the legislature reclassified criminally negligent homicide as a Class B felony. As a result, persons convicted of the crime after the effective date of the reclassification could not have their convictions set aside. However, the legislature did not repeal *former* ORS 137.225(11)(j). That gave rise to the question whether earlier convictions for criminally negligent homicide could still be set aside, a question we addressed in *State v. Soreng*, 208 Or App 259, 145 P3d 195 (2006).

In *Soreng*, the defendant had been convicted of criminally negligent homicide in 1990, when the crime was classified as a Class C felony. He filed a motion to have his conviction set aside in 2004, after the crime had been reclassified as a Class B felony. The trial court denied the motion on the ground that, at the time of the defendant's motion, the crime was a Class B felony and, therefore, could not be set aside. The defendant appealed, and we reversed, rejecting the trial court's reasoning that the defendant had been convicted of a Class B felony. We explained that (1) nothing in the text or legislative history of the reclassification indicated that the legislature intended it to be retroactive and (2) we would not infer, from a silent record, that the legislature intended a retroactive change, especially when such a change would raise serious constitutional questions. 208 Or App at 263-64. Specifically, we explained:

> "[I]f we were to interpret the 2003 amendment to ORS 163.145 to apply retroactively to change all then-existing convictions for criminally negligent homicide into convictions for a Class B felony, it would create two problems. First, it would, as the state appears to recognize, render [*former*] ORS 137.225(11)(j) meaningless, as no conviction for criminally negligent homicide could be set aside. Second, it would create serious questions as to the constitutionality of the provision, as its retroactive application likely would violate the state and federal constitutional prohibitions

against *ex post facto* laws. Although it is true that simply removing a crime from the list of those crimes convictions that may be set aside is not an *ex post facto* violation, *State v. Burke*, 109 Or App 7, 818 P2d 511 (1991), changing an existing conviction from one for a Class C felony to one for a Class B felony has much broader ramifications—including increasing the maximum sentence that could be imposed. *See, e.g.*, ORS 161.605 (setting out maximum prison terms for different classes of felonies). A law that retroactively increases the punishment for a crime is a classic example of a law that violates the state and federal *ex post facto* prohibitions. *See, e.g.*, *State v. Upton*, 339 Or 673, 682, 125 P3d 713 (2005) ('Generally, the *ex post facto* clauses of both constitutions prohibit retroactive legislation that makes actions criminal after the fact, or increase the punishment for previously committed acts.').")."

*Soreng*, 208 Or App at 264-65.

We further explained that our conclusion that the reclassification of criminally negligent homicide did not preclude the setting aside of the defendant's conviction "did not conflict with [our] opinion in *State v. Blankenship*, 129 Or App 87, 877 P2d 674 (1994)," which, as we described, had "some important similarities" to *Soreng*:

"In *Blankenship,* the defendant was convicted of first-degree sexual abuse in 1987, which, at that time, was a Class C felony. Also at the time, as now, ORS 137.225 generally provided that Class C felony convictions could be set aside. In 1989, the legislature amended ORS 137.225 to provide that a conviction for first-degree sexual abuse could not be set aside. In 1991, the legislature, in a single bill, (1) reclassified first-degree sexual abuse as a Class B felony, and (2) amended ORS 137.225 to replace the reference to first-degree sexual abuse with a reference to second-degree sexual abuse. In 1992, the defendant moved to have his first-degree sexual abuse conviction set aside; the trial court denied the motion and this court affirmed."

208 Or App at 265. We held that *Blankenship* was distinguishable because it was not based on the reclassification of the crime, but rather on the changes to ORS 137.225. *Soreng*, 208 Or App at 266. Those changes, we held, "'express[ed] the legislature's determination to bar the setting aside of convictions for child-related sexual abuse in the first, second

or third degrees.'" *Id.* at 265 (brackets in *Soreng*) (quoting *Blankenship*, 129 Or App at 91). In contrast, *Soreng* did not involve any changes to ORS 137.225:

> "Rather, it simply made the more general change to the classification of the crime, without expressing any intent to apply the change retroactively or any intent otherwise to prevent a conviction for that crime from being set aside. Moreover, it retained the reference to criminally negligent homicide in [*former*] ORS 137.225(11)(j)."

208 Or App at 266. Accordingly, we reversed the trial court's denial of the defendant's motion to set aside his pre-2003 conviction for criminally negligent homicide as a Class C felony.

Three points made in *Soreng* are worth emphasizing. First, the legislature cannot increase the classification of a crime retroactively without creating serious constitutional questions; as a result, the later reclassification of a crime from a Class C felony to a Class B felony, does not—in and of itself—preclude the setting aside of a conviction for the crime as a Class C felony. *Id.* at 263-64. Second, the legislature can amend ORS 137.225 to exclude additional crimes from those that can be set aside, and those exclusions can be applied to convictions entered before the enactment of the exclusions. *Id.* at 264 (citing *State v. Burke*, 109 Or App 7, 818 P2d 511 (1991), *rev den*, 312 Or 589, (1992)). And, third, it is possible to infer the legislature's intent to exclude a crime from those that can be set aside from its amendments to ORS 137.225. *Soreng*, 208 Or App at 265-66 (describing and distinguishing *Blankenship*).

In the wake of *Soreng*, the legislature amended ORS 137.225. It repealed *former* ORS 137.225(11)(j) and enacted ORS 137.225(7), the subsection at issue in this case. Or Laws 2009, ch 560, § 1. Thus, it is clear that the legislature intended to preclude all convictions for criminally negligent homicide under ORS 163.145 from being set aside, regardless of when they were reduced to judgment. Because the legislature intended criminally negligent homicide under ORS 163.145 to encompass negligent homicide under *former* ORS 163.091, we conclude that the legislature also

intended to preclude convictions under *former* ORS 163.091 from being set aside.

Of course, the legislature could have been more clear; it could have expressly prohibited setting aside convictions for criminally negligent homicide under both ORS 163.145 and its statutory predecessor. But the legislature did not, and, as a result, defendant's plain text argument has some force. Nevertheless, *State v. Kellar*, 349 Or 626, 247 P3d 1232 (2011), and *State v. Andre*, 142 Or App 285, 920 P2d 1145, *rev den*, 324 Or 229 (1996), persuade us that the legislature's reference to convictions under ORS 163.145 does not preclude its application to convictions under *former* ORS 163.091.

In *Kellar*, the Supreme Court interpreted ORS 809.235, which provides, in pertinent part, for permanent revocation of a person's driver's license upon a third conviction for driving under the influence of intoxicants (DUII) "in violation of * * * ORS 813.010[.]" The issue facing the court was whether the permanent revocation provision applied if one of a defendant's prior convictions was for violating *former* ORS 487.540, *repealed by* Or Laws 1983, ch 338, § 978, the predecessor to ORS 813.010. The court held that it did, explaining that "the 1983 legislature[, which moved the prohibition against DUII from *former* ORS 487.540 to ORS 813.010 as part of a comprehensive revision of the traffic code], understood the former prohibition against DUII and its identically worded replacement to be interchangeable[.]" *Kellar*, 349 Or at 634-35. Indeed, as the court noted, the 1983 legislature

"explained that, in revising the code, '[i]t is not the purpose or intent of the Oregon Legislative Assembly to change the law[.]' Rather, the legislature's stated purpose was to 'simplif[y] the language, establis[h] a single set of definitions for the code, eliminat[e] confusing references,' and the like."

*Id.* at 630 (brackets in *Kellar*) (quoting Or Laws 1983, ch 338, § 3). Moreover, the 1983 legislature provided that "every person shall consider the revision to be a continuation of the vehicle laws in effect on the effective date of the revision." Or Laws 1983, ch 338, § 3(4). Based on that history, the court

concluded that, although ORS 809.235 expressly referenced convictions "in violation of * * * ORS 813.010," it also applied to convictions, like the defendant's, for misdemeanor DUII under *former* ORS 487.540. 349 Or at 637.

Similarly, in *Andre*, we considered whether a defendant's conviction for burglary under *former* ORS 164.230 (1953), *repealed by* Or Laws 1971, ch 743, § 432, could serve as a predicate for an enhanced sentence under ORS 137.635, which applies to, *inter alia*, defendants who have prior convictions for "[b]urglary in the first degree, as defined in ORS 164.225." ORS 137.635(h). *Former* ORS 164.230 was repealed when the Criminal Code was enacted in 1971, and it was replaced by ORS 164.225. We held that, because the defendant had been convicted of violating *former* ORS 164.230 for conduct that also violated ORS 164.225, his conviction under the former first-degree burglary statute could serve as a predicate for an enhanced sentence under ORS 137.635, even though the text of ORS 137.635 refers only to the current first-degree burglary statute. We concluded, "The fact that the statute numbers have changed is not controlling." *Andre*, 142 Or App at 289.

In accordance with *Kellar* and *Andre*, we conclude that the fact that defendant was convicted of negligent homicide under *former* ORS 163.091, as opposed to criminally negligent homicide under ORS 163.145, is not controlling. Because the legislature clearly intended to prohibit the setting aside of all convictions for criminally negligent homicide and because the legislature intended ORS 163.145 to encompass all conduct criminalized by *former* ORS 163.091, we conclude that the reference to convictions under ORS 163.145 in ORS 137.225(7) also includes convictions under *former* ORS 163.091. Thus, ORS 137.225(7) prohibits convictions for negligent homicide, such as defendant's, from being set aside. The trial court did not err in so holding.

Affirmed.