180 February 19, 2026 No. 106

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN TROY SEAY,
*Defendant-Appellant.*

Lane County Circuit Court
108908937; A182561

Debra K. Vogt, Judge.

Submitted February 26, 2025.

Shawn A. Kollie and Kollie Law, P.C. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Vacated and remanded.

**SHORR, P. J.**

Defendant appeals an order denying his motion to set aside his 1990 conviction for abuse of corpse. We conclude that the trial court erred in denying the motion on the stated bases and vacate and remand for further consideration.

In 1990, defendant pleaded guilty and was convicted of a single count of abuse of corpse, based on his involvement in a homicide and subsequent abuse of the decedent's body, during which defendant engaged in sexual acts with the body and removed several fingers. In 2023, defendant filed a motion under ORS 137.225 to set aside his conviction. The state opposed the motion. A hearing was held and the trial court concluded that defendant's conviction for abuse of corpse did not qualify for set aside.[1] The court reasoned that the crime defendant committed currently constituted a Class B person felony, and therefore was not eligible to be set aside pursuant to ORS 137.225(5)(a), despite the crime of abuse of corpse having been classified as a Class C felony at the time defendant committed it. The court further reasoned that the crime defendant committed constituted a sex crime and therefore was ineligible to be set aside pursuant to ORS 137.225(6)(f). The court therefore denied the motion with respect to his conviction for abuse of corpse. Defendant appealed.

We begin with the court's rationale that the crime defendant committed is now considered to be a Class B person felony, and therefore ineligible for set aside. Defendant asserts that the trial court erred because at the time he was convicted in 1990, abuse of corpse was a Class C felony, which is eligible for set aside. Citing *State v. Soreng*, 208 Or App 259, 145 P3d 195 (2006), defendant asserts that use of the subsequent reclassification of the crime and retroactive application would violate state and federal constitutional prohibitions against ex post facto laws. The state argues that using the revised classification for the limited purpose of determining eligibility for set aside of the conviction does not implicate ex post facto problems. The state

---

[1] Defendant was also convicted in 1990 of hindering prosecution and theft. The court granted the motion to set aside those convictions, and that ruling is not at issue in this appeal.

further argues that there is no practical difference between applying a new classification when considering a conviction's eligibility for set aside and revising the set aside statute to make a particular crime ineligible for set aside that used to be eligible, something that was approved in *State v. Burke*, 109 Or App 7, 818 P2d 511 (1991), *rev den*, 312 Or 589 (1992). We conclude that *Soreng* is controlling in this situation, and reverse and remand.

We begin with an overview of our case law concerning changes in crime classification and eligibility for set aside. In *Burke*, the defendant had been convicted of first-degree sexual abuse, a Class C felony, at a time when the set aside statute allowed for that conviction to be set aside. 109 Or App at 9. By the time he became otherwise eligible to apply for set aside, the set aside statute had been amended to exclude from eligibility conviction for various crimes against children, including first-degree sexual abuse. *Id.* at 10. The trial court granted the defendant's application to set aside his conviction, applying the version of ORS 137.225 that was in effect at the time of his conviction. *Id.* at 9. We reversed, concluding that the legislature had clearly expressed its intent that intervening amendments to ORS 137.225 were intended to apply to all existing and future convictions, and to exclude child abuse convictions from eligibility. *Id.* at 10-11. We further held that such an application of the set aside statute was not a violation of state and federal prohibitions against *ex post facto* laws because excluding the defendant's conviction from eligibility for set aside did not subject him to any greater punishment; it was a collateral matter that "does not change the primary effect of a conviction." *Id.* at 12-13.

Three years later, in *State v. Blankenship*, 129 Or App 87, 877 P2d 674 (1994), we again considered whether amendments to ORS 137.225 affected the eligibility for set aside of a first-degree sexual abuse conviction. As in *Burke*, the defendant in that case was convicted of first-degree sexual abuse when it was a Class C felony and the set aside statue allowed for such convictions to be set aside. 129 Or App at 89. We again recounted the history of amendments to ORS 137.225, including the 1989 amendments adding

child abuse convictions to the list of crimes ineligible for set aside, and further discussed a 1991 bill that did three relevant things: it reclassified first-degree sexual abuse from a Class C to a Class B felony; it reclassified second-degree sexual abuse from a Class A misdemeanor to a Class C felony; and it amended a reference in ORS 137.225 explicitly excluding first-degree sexual abuse from eligibility to now reference second-degree sexual abuse. *Id.* at 89. The effect was to make first-degree sexual abuse ineligible for set aside based on its classification as a Class B felony; and to make second-degree sexual abuse ineligible for set aside based on an explicit exemption from otherwise eligible Class C felonies. *Id.*

In *Blankenship*, when the defendant applied for set aside in 1992, the trial court denied the application. *Id.* at 89-90. On appeal, the defendant argued that at the time of conviction, his crime was a Class C felony, and the current set aside statute did not include first-degree sexual abuse in the list of Class C felonies ineligible for set aside. *Id.* at 90. Examining the text and context of the set aside statute, we concluded that the allowance of set aside for "a conviction of a Class C felony" meant "a conviction for an offense that is currently classified as a class C felony." *Id.* at 91. We noted that the various subsections of ORS 137.225 expressed the legislature's choice to bar the setting aside of convictions for child-related sexual abuse in the first, second, or third degrees. *Id.* We stated, "Notwithstanding its original 'class C' classification, [the] defendant's conviction, which would currently be classified as a class B felony, is such a conviction," and accordingly was not eligible for set aside. *Id.*

We next addressed this issue in 2006 in *Soreng*. There, the defendant was convicted of criminally negligent homicide in 1990, when it was a Class C felony. 208 Or App at 261. In 2003, the legislature amended the criminally negligent homicide statue, reclassifying it as a Class B felony. *Id.* In 2004, the defendant applied to have the conviction set aside, and the trial court denied the motion because ORS 137.225 at the time did not allow for set aside of Class B felonies. *Id.* at 262. We reversed, noting that the text of ORS 137.225 at the time included a list of crimes for which set

aside "shall" be granted if the individual was otherwise eligible, including criminally negligent homicide. *Id*. We concluded that the purpose of the reclassification of that crime from a Class C to Class B felony was to allow for the imposition of 36 months of post-prison supervision, and that "[n]othing in the text or context of the bill, or in its legislative history, suggests that the legislature intended to transform all then-existing convictions for criminally negligent homicide into convictions for Class B felonies." *Id*. at 263. Nothing in the amendment to the classification suggested that the legislature intended to make existing convictions for criminally negligent homicide ineligible to be set aside. *Id*.

We further noted that to read the reclassification as functioning to retroactively treat all existing criminally negligent homicide convictions as Class B felonies that were ineligible for set aside would result in two problematic issues: first, it would render meaningless the provision of ORS 137.225 explicitly referencing criminal negligent homicide convictions as eligible for set aside; and second, it would "create serious questions as to the constitutionality of the provision, as its retroactive application likely would violate the state and federal constitutional prohibitions against *ex post facto* laws." *Id*. at 264. We explained:

> "Although it is true that simply removing a crime from the list of those crimes convictions that may be set aside is not an *ex post facto* violation, *State v. Burke*, 109 Or App 7, 818 P2d 511 (1991), changing an existing conviction from one for a Class C felony to one for a Class B felony has much broader ramifications—including increasing the maximum sentence that could be imposed. *See, e.g.*, ORS 161.605 (setting out maximum prison terms for different classes of felonies). A law that retroactively increases the punishment for a crime is a classic example of a law that violates the state and federal *ex post facto* prohibitions. *See, e.g.*, *State v. Upton*, 339 Or 673, 682, 125 P3d 713 (2005) ('Generally, the *ex post facto* clauses of both constitutions prohibit retroactive legislation that makes actions criminal after the fact, or increase the punishment for previously committed acts.')."

*Id*. at 264-65. We therefore concluded that the legislature did not intend to make pre-2003 convictions for criminally

negligent homicide ineligible to be set aside under ORS
137.225, and held that the defendant's conviction was for a
Class C felony that was eligible to be set aside. Id. at 265. We
distinguished the situation from Blankenship, noting that
the statutory amendments in Blankenship affected both the
set aside statute and the classification of the crime at issue,
and demonstrated the legislature's clear intent to maintain
the specific crime's ineligibility for set aside. Id. at 265-66.
In contrast, in amending the statutes at issue in Soreng,

> "the legislature did nothing to ORS 137.225 to suggest
> that pre-2003 convictions for criminally negligent homi-
> cide would no longer be subject to being set aside. Rather, it
> simply made the more general change to the classification
> of the crime, without expressing any intent to apply the
> change retroactively or any intent otherwise to prevent a
> conviction for that crime from being set aside."

*Id.* at 266.

        The final case relevant to our assessment is *State v.
Beck*, 254 Or App 609, 295 P3d 169 (2013). The defendant in
that case was convicted of negligent homicide in 1961, when
the crime was punishable as a felony or a misdemeanor,
and prior to the 1971 enactment of the Criminal Code and
the creation of classes of crimes. 254 Or App at 610, 614. In
1971, with the adoption of the Criminal Code, the legisla-
ture repealed the negligent homicide statute under which
the defendant had been convicted, and created the crime
of criminally negligent homicide, ORS 163.145, which was
intended to "encompass" the former negligent homicide stat-
ute. *Id.* at 610-11. The new criminally negligent homicide
crime was initially a Class C felony and was later reclas-
sified in 2003 as a class B felony. *Id.* at 611. The defendant
applied for set aside in 2010, at which point the effective
version of ORS 137.225 allowed for set aside of Class C felo-
nies, and with respect to offenses committed prior to 1972,
offenses that would have been Class C felonies if committed
after that date. *Id.* at 611-12. However, the statute excluded
from set aside convictions for "criminally negligent homi-
cide under ORS 163.145, when that offense was punishable
as a Class C felony." *Id.* at 612. Following the trial court's
denial of his motion to set aside, on appeal the defendant
asserted that his conviction was eligible for set aside and

that the exclusion did not apply. He argued that the exclusion specifically referred to ORS 163.145, which was not the statute under which he was convicted, and that his crime was not punishable as a Class C felony because such classifications did not exist at the time he was convicted. *Id.* at 614. We rejected the defendant's argument and concurred with the state's rationale that the context of ORS 137.225 and the legislative history of the criminally negligent homicide statute established that "the legislature intended the crime of criminally negligent homicide to encompass the crime of negligent homicide" and that "the legislature has clearly demonstrated its intent to prevent convictions for criminally negligent homicide from being set aside." *Id.* We distinguished the situation from that in *Soreng*, noting the differences in the demonstrated legislative intent in *Beck* versus the lack of any such intent in *Soreng. Id.* at 616-19.

    With that background in mind, we turn to the progression of the laws applicable to this case. In 1990, when defendant was convicted, the Criminal code included a single crime of abuse of corpse, ORS 166.085 (1989), *amended by* Or Laws 1993, ch 294, § 1:

> "(1) A person commits the crime of abuse of corpse if, except as otherwise authorized by law, the person intentionally:
>
> "(a)   Abuses a corpse; or
>
> "(b)   Disinters, removes or carries away a corpse.
>
> "(2)   Abuse of corpse is a Class C felony."

"Abuse" as used in that section meant "to deface, damage, defile or otherwise physically mistreat in a manner likely to outrage public sensibilities." ORS 166.075(2).

    In 1993, the legislature amended ORS 166.085 to designate the included actions as abuse of corpse in the second degree, and created a new crime of abuse of corpse in the first degree, a Class B felony, which included engaging in sexual activity with a corpse or involving a corpse, or dismembering, mutilating, cutting, or striking a corpse. Or Laws 1993, ch 294, §§ 1-2. The bill was in response to a gruesome and horrific incident that occurred in a Salem

cemetery, and was aimed both at increasing the available punishment for such heinous acts and clearly designating the families of the deceased as "victims" for purposes of access to victims assistance resources and compensation. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2368, Apr 22, 1993, Tape 86, Side A (statements of Rep Kevin Mannix; Director of Victim Assistance Program Marion County Karylinn Huntting-Echols; Marion County District Attorney Dale Penn); Tape Recording, Senate Committee on Judiciary, HB 2368, June 11, 1993, Tape 189, Side A (statements of Sen Catherine Webber; David Factor, Criminal Justice Council). There was no mention of making the newly created crime retroactive, and there was no concurrent discussion of or amendment to ORS 137.225 in relation to abuse of corpse.[2]

        We conclude that this scenario is most similar to *Soreng*. As with the reclassification of negligent homicide at issue in *Soreng*, the creation of a new crime and the designation of degrees of abuse of corpse was done for the purpose of addressing sentencing for the more serious crime in the future. There is nothing in the text or legislative history of HB 2368 that indicates that the legislature intended to impact then-existing convictions for the only version of abuse of corpse that existed at the time. In discussing *Soreng* in *Beck*, we noted that it was worth emphasizing that

> "the legislature cannot increase the classification of a crime retroactively without creating serious constitutional questions; as a result, the later reclassification of a crime from a Class C felony to a Class B felony, does not—in and of itself—preclude the setting aside of a conviction for the crime as a Class C felony."

*Beck*, 254 Or App at 618. We acknowledge that in *Blankenship* we said that the current classification of a crime should be considered in determining eligibility for set aside, 129 Or App at 91, but that was in the context of whether the

---

[2] In separate bills passed that same session, ORS 137.225 was amended twice in ways that did not apply to a conviction for abuse of corpse: Or Laws 1993, ch 546, § 98 (updating a cross-reference to the child abuse definitions); Or Laws 1993, ch 664, § 2 (adding the since-repealed section (11), designating 21 specific crimes—not including abuse of corpse—that were explicitly eligible for set aside unless the court made written findings by clear and convincing evidence that granting the motion would not be in the best interests of justice).

particular crime that the defendant was convicted of was intended to be eligible for set aside. We do not read that statement as a general blanket policy to evaluate every crime based on its classification at the time of the set aside motion, given the problems with that approach identified in *Soreng* and *Beck*.

Although the facts underlying defendant's guilty plea would have qualified as first-degree abuse of corpse had the statute existed at the time, he was in fact not convicted of that crime. Unlike in *Beck*, where the legislative intent was clear that the newly-enacted statute encompassed the repealed statute under which the defendant was convicted, 254 Or App at 614-15, the newly-enacted statute in this scenario represented a carve-out of the most serious of facts previously covered by the statute of conviction, and was not intended to apply retroactively. The crime of conviction for defendant was abuse of corpse, ORS 163.085, a Class C felony and the only version that existed at the time. The act of creating a new crime, of a more serious felony class, under which defendant's acts would have fallen had the crime existed at the time of commission, does not warrant treating defendant's conviction as a Class B felony ineligible for set aside. Based on our review, the legislature did not express any intent to apply the change retroactively. We therefore conclude that the trial court erred in relying on that rationale.

We now turn to the trial court's other rationale for denying the motion, that the crime defendant committed constituted a sex crime and therefore was ineligible to be set aside pursuant to ORS 137.225(6)(f). ORS 137.225(6)(f) establishes that the set aside statute does not apply to convictions for any sex crime, apart from a few limited exceptions not applicable to this case. For purposes of ORS 137.225, "'sex crime' has the meaning given that term in ORS 163A.005." ORS 137.225(13)(c). ORS 163A.005(5) contains a list of crimes that constitute "sex crimes" and at the time of the trial court's decision, and at the time briefing was completed on this appeal, that list did not include abuse of corpse. The parties therefore agree that the trial court erred in denying the motion on that basis.

Effective January 1, 2025, however, "abuse of a corpse in the first degree as described in ORS 166.087(1)(a)" was added to the list of sex crimes in ORS 163A.005(5). ORS 163A.005(5)(y); Or Laws 2024, ch 63, § 1. Therefore, had defendant committed abuse of corpse in the first degree, the court's decision to deny the motion for set aside on the grounds that defendant had committed a sex crime would be correct. However, our discussion above noting the problematic issues with retroactively treating defendant's conviction as one for first-degree abuse of corpse applies here as well. Defendant was not convicted of first-degree abuse of corpse; that crime did not exist at the time of his conviction. To now consider defendant's conviction to be for a Class B person felony sex crime goes to the nature of the conviction and extends far beyond just the collateral issue of his eligibility for set aside. Such treatment would implicate the serious questions of constitutionality noted in *Burke*, *Soreng*, and *Beck*.

We therefore conclude that defendant's motion to set aside should be assessed based on his conviction under ORS 166.085, a Class C felony that is not a sex crime, and the only abuse of corpse statute that existed at the time of his conviction. Our conclusion does not require the trial court on remand to grant defendant's motion. When a person is otherwise eligible for relief, the court shall grant the motion "unless the court makes written findings, by clear and convincing evidence, that the circumstances and behavior of the person *** do not warrant granting the motion due to the circumstances and behavior creating a risk to public safety." ORS 137.225(3)(a). The trial court explicitly stated that it was not reaching that issue due to its conclusion that the crime of conviction was ineligible to be set aside. On remand, the trial court may reach that issue based on the evidence before it.

Vacated and remanded.