Argued and submitted November 9, 2010, decision of Court of Appeals and
judgment of circuit court affirmed February 19, 2011

STATE OF OREGON,
*Respondent on Review,*

*v.*

MARK ALLAN KELLAR,
*Petitioner on Review.*

(CC 08CR0241; CA A139320; SC S058369)

247 P3d 1232

Lindsey K. Detweiler, Deputy Public Defender, Salem,
argued the cause and filed the brief for petitioner on review.

With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause and filed the brief for respondent on review. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Durham, Balmer, Kistler, Walters, and Linder, Justices.**

KISTLER, J.

**  Gillette, J., retired December 31, 2010, and did not participate in the decision of this case. Landau, J., did not participate in the consideration or decision of this case.

**KISTLER, J.**

In 1983, the legislature moved the prohibition against driving under the influence of intoxicants (DUII) from *former* ORS 487.540 to ORS 813.010.[1] Later, the legislature provided for permanent revocation[2] of a person's driver's license when, among other things, the person has been convicted for a third time of DUII "in violation of * * * ORS 813.010" or the law of another state. *See* ORS 809.235. The question that this case presents is whether a conviction for DUII in violation of *former* ORS 487.540 can serve as a predicate conviction for the permanent revocation of a person's driver's license. The trial court held that it could and permanently revoked defendant's driver's license. The Court of Appeals affirmed the trial court's judgment without opinion. *State v. Kellar*, 233 Or App 621, 226 P3d 718 (2010). We allowed defendant's petition for review and now affirm the Court of Appeals decision and the trial court's judgment.

On February 6, 2008, defendant unsuccessfully attempted to sell his truck at the Bargain Corner car lot in Coos Bay. Afterwards, the police received a report that defendant was intoxicated and had gone to Allied Motors. A police officer contacted defendant and, after speaking with him, asked him to perform field sobriety tests. Defendant refused. The officer arrested defendant, who later provided a breath sample that disclosed a blood alcohol content of 0.25 percent. Defendant was charged with and pleaded guilty to DUII.

At the sentencing hearing, the state represented that defendant had two prior DUII convictions: one in 1981 and the other in 1989. Defense counsel agreed with that representation and observed that it appeared that "back in '81 [the offense for which defendant had been convicted] still was considered a Class A misdemeanor."[3] Defense counsel noted,

---

[1] Because the act that led to defendant's conviction occurred in 2008, the 2007 version of the Oregon Revised Statutes applies. All references are to that version of the revised statutes, unless otherwise noted.

[2] Although ORS 809.235 refers to "permanent" revocation of a person's driver's license, the term is not completely accurate. After 10 years, a person whose driver's license has been permanently revoked may petition to have his or her license reinstated. *See* ORS 809.235(2)(a).

[3] The record does not include copies of defendant's 1981 and 1989 convictions. It appears from defense counsel's statements that the prosecutor had provided

however, that "the statute that applies to * * * [permanent] revocation for a third conviction, [ORS] 809.235, talks about—talks in terms of convictions for DUII in violation of [ORS] 813.010. But back in '81 there was no 813.010," only *former* ORS 487.540. Defense counsel argued that, under the plain terms of ORS 809.235, only DUII convictions entered after the legislature codified that offense as ORS 813.010 could count as predicate convictions for the purposes of permanent revocation. As noted, both the trial court and the Court of Appeals disagreed with that argument, which defendant now presses before this court.

Before turning to defendant's argument, we briefly describe the two sets of statutes that bear on the issue that he raises. We begin with the prohibition against DUII. In 1975, the legislature sought to decriminalize the offense of DUII by classifying DUII as a traffic infraction rather than a crime. *See Brown v. Multnomah County*, 280 Or 95, 97, 570 P2d 52 (1977).[4] This court held in *Brown* that, even though the legislature had classified DUII as an infraction, a prosecution for that offense still "retain[ed] too many penal characteristics not to be [considered] a 'criminal prosecution' under article I, section 11 of the constitution." *Id.* at 109. As a result, a person charged with the traffic infraction of DUII was entitled to "a jury trial, proof beyond a reasonable doubt, and the many other protections that surround a criminal prosecution * * *." *Id.* at 109-10.

In 1981, the legislature classified DUII as a Class A misdemeanor. Or Laws 1981, ch 803, § 15. The offense, which was then codified as *former* ORS 487.540, provided:

"(1)   A person commits the offense of driving while under the *influence of intoxicants* if the person drives a vehicle while the person:

---

counsel with copies of those convictions and that the parties were willing to rely on the prosecutor's representations at sentencing, without requiring the state to offer copies of the 1981 and 1989 convictions into evidence.

[4] In 1975, the legislature classified DUII as a traffic infraction. Or Laws 1975, ch 451, § 87. It provided, however, that a person's second traffic infraction within five years "shall be prosecuted and be punishable as a Class A misdemeanor * * *." Or Laws 1975, ch 451, § 134.

"(a)  Has .10 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath, blood, urine or saliva of the person made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b)  Is under the influence of intoxicating liquor or a controlled substance; or

"(c)  Is under the influence of intoxicating liquor and a controlled substance."

*Id.*

In 1983, the legislature undertook a comprehensive revision of the vehicle code. *See* Or Laws 1983, ch 338. The legislature explained that, in revising the code, "[i]t is not the purpose or intent of the Oregon Legislative Assembly to change the law * * *." Or Laws 1983, ch 338, § 3. Rather, the legislature's stated purpose was to "simplif[y] the language, establis[h] a single set of definitions for the code, eliminat[e] confusing references," and the like. *Id.* As part of that revision, the legislature repealed much of the vehicle code, which was then codified as ORS chapters 481 to 487. *See id.* § 978 (repealing, for the most part, those chapters of the revised statutes). In the same act, the legislature reenacted the vehicle code, *id.* §§ 4-977, which was later codified as ORS chapters 801 to 823.

The 1983 legislature provided that the act revising the vehicle code would not take effect until January 1, 1986, approximately two-and-a-half years later. Or Laws 1983, ch 338, § 981. During the interim, the 1983 legislature directed a joint legislative committee to study the 1983 act and propose any technical or conforming amendments to the 1985 legislature. *See id.* § 979. As part of an effort to bridge the transition between the vehicle code that it had repealed and the revised code that it had enacted, the 1983 legislature provided that "[a]ny references to the vehicle laws in effect before the effective date of the revision are considered to be references to any corresponding provision in the revision." *Id.* § 3(1). It also provided that "[t]he revision does not affect any action, suit, proceeding or prosecution * * * involving or with respect to vehicle laws revised except that the corresponding provisions of the revision shall be deemed to apply." *Id.* § 3(2). Finally, the legislature provided that "every person shall

consider the revision to be a continuation of the vehicle laws in effect on the effective date of the revision." *Id.* § 3(4).[5]

As part of the revision of the vehicle code, the 1983 legislature repealed the prohibition against DUII found in *former* ORS 487.540, and reenacted the same prohibition, which was later codified as ORS 813.010. *See* Or Laws 1983, ch 338, § 978 (repealing *former* ORS 487.540); *id.* § 587 (reenacting the same prohibition). There is no substantive difference between the 1981 prohibition against DUII found in *former* ORS 487.540 and the prohibition against DUII enacted as part of the 1983 vehicle code revision. *Compare former* ORS 487.540(1) and (2) (1981), *with* Or Laws 1983, ch 338, § 587.[6] Not only are the elements of those two prohibitions identical, but both prohibitions made DUII a Class A misdemeanor. *Id.* And, as noted, the legislature provided that the 1983 DUII prohibition it enacted was a continuation of the 1981 DUII prohibition it repealed.

Defendant's argument also requires discussion of ORS 809.235, which provides for permanent revocation of a person's driver's license in certain circumstances. Initially, ORS 809.235 required permanent revocation of a person's driver's license only when that person had been convicted of using a motor vehicle as a weapon to commit murder or manslaughter. Or Laws 1993, ch 761, § 2. In 2001, the legislature provided that the class of persons whose licenses were subject to permanent revocation also included persons convicted of

---

[5] In 1985, the legislature made technical changes to the vehicle code, repealed certain remaining sections of ORS chapters 481 to 487, and provided that, as of January 1, 1988, "section 3, chapter 338, Oregon Laws 1983" is repealed. Or Laws 1985, ch 16, § 475. The legislature thus provided that the transitional provision of the 1983 act revising the vehicle code would expire two years after the 1983 law went into effect on January 1, 1986.

[6] Later in the 1983 legislative session, the legislature reduced the percentage of blood alcohol content necessary to prove DUII from .10 percent to .08 percent. *See* Or Laws 1983, ch 722, § 1. That change went into effect in 1984 and became part of *former* ORS 487.540(1)(a) (1983). When the 1985 legislature made technical changes to the 1983 act revising the vehicle code, the legislature amended section 587 of the 1983 act (the section that reenacted the prohibition against DUII) to reflect the lower blood alcohol content. *See* Or Laws 1985, ch 16, § 293. Section 587 of the 1983 act, as amended, went into effect on January 1, 1986. *See* Or Laws 1985, ch 16, § 476 (providing that, although the 1985 act amended sections of the 1983 act, "[n]othing in this [1985] Act affects the operative date of such sections as provided by chapter 338, Oregon Laws 1983").

felony DUII. Or Laws 2001, ch 786, § 1. Two years earlier, the legislature had provided that a person was guilty of felony DUII if the person "has been convicted of driving while under the influence of intoxicants in violation of this section [ORS 813.010] or its statutory counterpart in another jurisdiction at least three times in the 10 years prior to the date of the current offense * * *." Or Laws 1999, ch 1049, § 1.

In 2003, the legislature amended ORS 809.235 to require permanent revocation of a person's driver's license "if the person is convicted of misdemeanor driving while under the influence of intoxicants under ORS 813.010 for a third time." Or Laws 2003, ch 346, § 2. The 2003 amendment effectively reduced the number of DUII convictions required for permanent revocation from four (for felony DUII) to three. It also contained no time limitation, unlike felony DUII which required that the three prior DUII convictions have occurred within 10 years of the fourth DUII. The 2003 amendment to ORS 809.235, however, limited the class of convictions that would result in permanent revocation to misdemeanor DUII convictions in violation of ORS 813.010. In that respect, it was narrower than the felony DUII statute, which included prior DUII convictions in violation of ORS 813.010 *and* its statutory counterparts in other jurisdictions.

The legislature removed the latter limitation, in part, in 2005 by amending ORS 809.235 to require permanent revocation of a person's driver's license "if the person is convicted of misdemeanor driving while under the influence of intoxicants in violation of ORS 813.010 or its statutory counterpart in any other jurisdiction for a third or subsequent time." *See* ORS 809.235(1)(b) (2005) (codifying Or Laws 2005, ch 436, § 1).

Finally, in 2007, the legislature expanded ORS 809.235 yet again. As amended in 2007, ORS 809.235(1)(b) provided:

> "The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants in violation of ORS 813.010 or if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

"(i) ORS 813.010; or

"(ii) The statutory counterpart to ORS 813.010 in another jurisdiction.

"(B) A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of intoxicating liquor, a controlled substance, an inhalant or any combination thereof.

"(C) A driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content."

Two of the 2007 legislative changes bear mention. First, the legislature omitted the term "misdemeanor," found in the 2003 and 2005 versions of ORS 809.235, as a limitation on the DUII convictions that can serve as predicate convictions for the purposes of ORS 809.235. Second, the legislature added subparagraphs (B) and (C), which expanded the category of DUII offenses from other jurisdictions that will result in the permanent revocation of a person's driver's license to include acts that violate that jurisdiction's DUII laws but that might not be criminal in Oregon.

With that background in mind, we turn to defendant's argument. Defendant argues that, under the plain text of ORS 809.235, only a conviction for DUII in violation of ORS 813.010 counts as a predicate conviction for the permanent revocation of a person's driver's license. Defendant does not contend that there is any substantive difference between a misdemeanor DUII conviction in violation of *former* ORS 487.540 and a misdemeanor DUII conviction in violation of ORS 813.010. Nor does he dispute that the legislature intended to permit a broad class of out-of-state DUII convictions to count as predicate convictions for the purposes of ORS 809.235. He argues, however, that only a narrower class of in-state DUII convictions can serve as predicate convictions under the plain language of ORS 809.235.

■ If we were to focus solely on the text of ORS 809.235(1)(b)(A)(i), defendant's argument is not without some force. Subsubparagraph (i) refers to convictions for DUII in violation of "ORS 813.010." It does not refer to DUII convictions in violation of ORS 813.010 and its statutory predecessor. It is thus possible to infer, as defendant does, that the legislature intended to limit in-state predicate convictions to those convictions entered after January 1, 1986— the effective date of the 1983 act that revised and recodified the vehicle code. As this court has explained, however, a statute's "text should not be read in isolation but must be considered in context." *Stevens v. Czerniak*, 336 Or 392, 401, 84 P3d 140 (2004); *see State v. Barrett*, 331 Or 27, 32, 10 P3d 901 (2000) (same). In this case, the statutory context cuts against defendant's interpretation in three respects.

First, when the legislature revised the vehicle code in 1983, the revisions did not take effect for two-and-a-half years. During that transition period, the legislature sought to make three propositions clear. First, "[a]ny references to the vehicle laws in effect before the effective date of the revision are considered to be references to any corresponding provision in the revision." Or Laws 1983, ch 338, § 3(1). Second, "[t]he revision does not affect any * * * prosecution * * * involving * * * [the] vehicle laws revised except that the corresponding provisions of the revision shall be deemed to apply." *Id.* § 3(2).[7] Finally, the legislature provided that "every person shall consider the revision to be a continuation of the vehicle laws in effect on the effective date of the revision." *Id.* § 3(4).

Read together, those provisions make clear that the 1983 legislature intended the revised vehicle code to be a seamless continuation of the provisions that preceded them. More specifically, the 1983 legislature understood the former

---

[7] As we understand the second quoted provision, it provided that, if a DUII prosecution began under *former* ORS 487.540, the 1983 act revising the vehicle code would have no effect on that prosecution "except that the corresponding provisio[n] of the revision shall be deemed to apply." Or Laws 1983, ch 338, § 3(2). That is, for prosecutions that straddled the effective date of the 1983 act, what began as a prosecution under *former* ORS 487.540 would, if it resulted in a conviction, become a conviction for DUII in violation of ORS 813.010.

prohibition against DUII and its identically worded replacement to be interchangeable, both in substance and in name. *See* note 7. To be sure, later legislatures were free to depart from that understanding. But, when the 1983 legislature had specified that ORS 813.010 was a continuation of *former* ORS 487.540, the reference to ORS 813.010 in ORS 809.235 is, without more, a slim basis on which to disregard the prior legislature's statement of the relationship between the two provisions.[8]

A second contextual clue points in the same direction. ORS 809.235 provides that an out-of-state DUII conviction may serve as a predicate conviction for the permanent revocation of a person's driver's license, without regard to when the out-of-state conviction occurred. If defendant is correct that the reference in ORS 809.235 to DUII convictions "in violation of * * * ORS 813.010" limits in-state DUII convictions to those convictions that occurred after January 1, 1986 (the effective date of the 1983 vehicle code revision), then the legislature has imposed a time limitation on in-state convictions that it did not impose on out-of-state convictions. The legislature, of course, could have made that policy choice. But it is not obvious how that would have furthered the goals of the statute. And, without some apparent basis for giving greater effect to out-of-state DUII convictions than in-state DUII convictions, that context counsels against reading the reference to convictions in violation of ORS 813.010 as narrowly as defendant would.

A final contextual clue also cuts against defendant's position. As noted, in 2003, the legislature provided for permanent revocation of a person's driver's license "if the person is convicted of misdemeanor driving while under the influence of intoxicants under ORS 813.010 for a third time." Or Laws 2003, ch 346, § 2. In 2005, the legislature provided for

---

[8] Defendant notes that the 1985 legislature provided that section 3, chapter 338, Oregon Laws 1983—the section that provides for the transition from the former vehicle code to the reenacted code—was repealed as of January 1, 1988. *See* Or Laws 1985, ch 16, § 475(3). While true, we fail to see how that advances defendant's position. Section 3 of the 1983 act expressly recognizes that the reenacted provisions are a continuation of the former provisions. The 1985 legislature did not repudiate that understanding when it provided that section 3 would be repealed as of January 1, 1988. Rather, it merely recognized that, at some point, the need for a transitional provision ends.

permanent revocation "if the person is convicted of misdemeanor driving while under the influence of intoxicants in violation of ORS 813.010 or its statutory counterpart in any other jurisdiction for a third or subsequent time." ORS 809.235(1)(b) (2005) (codifying Or Laws 2005, ch 436, § 1).

■    If, as defendant argues, the phrase that the legislature used in 2003, "under ORS 813.010," or the phrase that it used in 2005, "in violation of ORS 813.010," referred only to convictions entered after January 1, 1986 (the effective date of the 1983 vehicle code revision), then there would have been no need to require, as the legislature did, that the conviction also be for a "misdemeanor" DUII. The legislature had classified DUII as a misdemeanor in 1981, more than four years before it moved the prohibition against DUII from *former* ORS 487.540 to ORS 813.010. Defendant's interpretation results in a redundancy, something that we seek to avoid in interpreting statutes. *Cf. Vsetecka v. Safeway Stores, Inc.,* 337 Or 502, 510, 98 P3d 1116 (2004) (interpreting overlapping notice provisions in a workers' compensation statute to give effect to all of them).

Conversely, if, as the 1983 vehicle code revision suggests, one views the reference to DUII convictions "in violation of * * * ORS 813.010" as referring to both the recodified statute and the statute that it continued, then the legislature's use of the restrictive term "misdemeanor" serves an important purpose. Because a DUII conviction in violation of *former* ORS 487.540 could be either for an infraction or a misdemeanor, adding the restrictive term "misdemeanor" to ORS 809.235 precluded the use of infraction DUII convictions to revoke a person's driver's license permanently. Indeed, one inference to be drawn from the addition of the restrictive term "misdemeanor" to the 2003 and 2005 versions of ORS 809.235 is that the reference to convictions "in violation of ORS 813.010" includes convictions in violation of both the named statute and its identically worded predecessor.[9]

_____

[9] In that connection, it is worth noting that the 1999 legislature did not use the restrictive term "misdemeanor" when it provided that a person's fourth conviction for DUII in violation of ORS 813.010 would result in a conviction for felony DUII. *See* Or Laws 1999, ch 1049, § 1. The legislature, however, provided that only prior convictions within the past 10 years would count as predicate convictions for the

In 2007, the legislature deleted the term "misdemeanor" from ORS 809.235, and the parties debate the significance of that deletion. On the one hand, deleting the restrictive term "misdemeanor" could signal a legislative intent to expand the category of in-state DUII convictions to include infractions. On the other, it could signal, as defendant argues, an intent not to preclude the use of felony DUII convictions under out-of-state statutory counterparts. We need not resolve that debate to decide this case. As noted, before the trial court, defendant did not dispute that his 1981 conviction was a misdemeanor DUII, and the only issue that he raised was whether the reference to convictions "in violation of * * * ORS 813.010" precluded the trial court from relying on *any* DUII conviction in violation of *former* ORS 487.540. In this posture, we need not decide whether the deletion of the word "misdemeanor" signaled a legislative intent to permit the use of infraction DUII convictions in violation of *former* ORS 487.540 as predicate convictions under ORS 809.235. Rather, it is sufficient to limit our holding to misdemeanor DUII convictions in violation of *former* ORS 487.540.[10] On that issue, we are persuaded by the text and context of ORS 809.235 that a misdemeanor DUII conviction in violation of *former* ORS 487.540 counts as a predicate conviction for the purposes of permanent revocation of a person's driver's license.[11] Accordingly, we affirm the Court of Appeals decision and the trial court's judgment.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

purposes of felony DUII—a decision that necessarily restricted prior DUII convictions in violation of ORS 813.010 to misdemeanor DUII convictions. Conversely, when the legislature omitted any time limitation, as it did in the 2003 amendment to ORS 809.235, it added the term "misdemeanor" as a limitation on the type of DUII convictions that would result in permanent revocation.

[10] We have no occasion to consider, and express no opinion on, the question whether a conviction for an infraction DUII in violation of *former* ORS 487.540 can serve as a predicate conviction for the purposes of ORS 809.235.

[11] We have considered the legislative history of the various changes to ORS 809.235. *See State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009) (discussing use of legislative history). The legislative history does not bear directly on this issue, and we base our holding on the statute's text and context.