Argued and submitted March 6, affirmed May 15, petition for review denied
August 15, 2013 (354 Or 61)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK BRUCE DANBY,
*Defendant-Appellant.*

Lane County Circuit Court
211108445; A149884

301 P3d 958

George W. Kelly argued the cause and filed the brief for appellant.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Defendant appeals a judgment convicting him of driving under the influence of intoxicants (DUII), ORS 813.010, and interfering with a peace officer, ORS 162.247. We reject two of his three assignments of error without discussion and write only to address his third assignment of error. In that assignment, defendant contends that the trial court "erred in ordering a lifetime suspension of [his] driving privileges" under ORS 809.235, which provides for permanent revocation of a person's driving privileges when, among other things, the person is convicted for a third time of DUII "in violation of * * * ORS 813.010" or the "statutory counterpart to ORS 813.010 in another jurisdiction." In particular, defendant asserts that the trial court erred in counting as a predicate conviction, for purposes of the lifetime revocation, his conviction for DUII under *former* ORS 487.540 (1975), *repealed* by Or Laws 1983, ch 338, § 978, at a time when the offense was classified as an infraction. We conclude that the trial court properly ordered a lifetime revocation of defendant's driving privileges and, accordingly, affirm.

The few relevant facts are undisputed. Defendant was arrested after he walked into a convenience store noticeably intoxicated. A store clerk called law enforcement and reported that defendant had driven to the store and was still there, and that the clerk believed defendant to be intoxicated. After he was arrested, defendant was ultimately charged with and, following a stipulated facts trial, convicted of, DUII.[1] At sentencing, the state argued, over defendant's objection, that, based on "violation convictions in 1978 [and] 1976 for DUII," as well as a 1998 conviction, defendant was subject to a lifetime revocation of his driving privileges pursuant to ORS 809.235.[2] The court disregarded the 1978

---

[1] As noted, defendant was also charged with and convicted of interfering with a peace officer. That conviction is not at issue on appeal.

[2] Pursuant to ORS 809.235(1)(b),

"The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants in violation of ORS 813.010 or if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

DUII, which was a bail forfeiture. However, based on the remaining convictions, the court ordered a lifetime revocation of defendant's driving privileges.

On appeal, defendant asserts that "ORS 809.235 requires a lifetime suspension of [a] defendant's driver's license when the defendant is convicted of DUII and he has two or more prior convictions for violating ORS 813.010. In the present case, there was only one qualifying prior conviction." In defendant's view, the trial court could not properly count an infraction DUII conviction under *former* ORS 487.540 as a predicate offense to support the lifetime revocation of his driving privileges. The state responds that, in light of the Supreme Court's decision in *State v. Kellar*, 349 Or 626, 247 P3d 1232 (2011), and the history of ORS 809.235, defendant's conviction under the prior version of the DUII statute qualifies as a predicate offense for purposes of a lifetime revocation under ORS 809.235. We agree with the state.

We begin by summarizing some of the history of Oregon's DUII statutes. In 1975, the legislature sought to decriminalize the offense of DUII and, to that end, classified DUII under *former* ORS 487.540 as a traffic infraction rather than a crime.[3] *Kellar*, 349 Or at 629. Then, in 1981,

---

"(i) ORS 813.010; or

"(ii) The statutory counterpart to ORS 813.010 in another jurisdiction.

"(B) A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of intoxicating liquor, a controlled substance, an inhalant or any combination thereof.

"(C) A driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content."

[3] *Former* ORS 487.540 (1975) provided:

"(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine, or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; or

"(c) He is under the influence of intoxicating liquor and a dangerous drug or narcotic drug.

the legislature classified DUII pursuant to *former* ORS 487.540 as a misdemeanor.[4] *Id.* "In 1983, the legislature undertook a comprehensive revision of the vehicle code." *Id.* at 630 (citing Or Laws 1983, ch 338). At that time, the legislature explained that the intent behind those revisions was not to change the law but, rather, to simplify the code. *Id.*

> "As part of the revision of the vehicle code, the 1983 legislature repealed the prohibition against DUII found in *former* ORS 487.540, and reenacted the same prohibition, which was later codified as ORS 813.010. *See* Or Laws 1983, ch 338, § 978 (repealing *former* ORS 487.540); *id.* § 587 (reenacting the same prohibition). There is no substantive difference between the 1981 prohibition against DUII found in *former* ORS 487.540 and the prohibition against DUII enacted as part of the 1983 vehicle code revision. *Compare former* ORS 487.540 (1) and (2) (1981), *with* Or Laws 1983, ch 338, § 587. Not only are the elements of those two prohibitions identical, but both prohibitions made DUII a Class A misdemeanor. *Id.* And, as noted, the legislature provided that the 1983 DUII prohibition it enacted was a continuation of the 1981 prohibition it repealed."

*Id.* at 631 (footnote omitted).

---

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction."

Although DUII was classified as an infraction between 1975 and 1981, "a prosecution for that offense still retained too many penal characteristics not to be considered a criminal prosecution" under Article I, section 11, of the Oregon Constitution. *Kellar*, 349 Or at 629 (internal quotation marks and brackets omitted). Accordingly, "a person charged with the traffic infraction of DUII was entitled to a jury trial, proof beyond a reasonable doubt, and the many other protections that surround a criminal prosecution." *Id.* (internal quotation marks omitted).

[4] *Former* ORS 487.540 (1981) provided, in part:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has a .10 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath, blood or urine of the person made under ORS 487.805 to 487.815 and 487.825 to 487.535; or

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance.

"(2) Driving while under the influence of intoxicants is a Class A misdemeanor."

In view of that history, the Supreme Court considered in *Kellar* the question "whether a conviction for DUII in violation of *former* ORS 487.540 can serve as a predicate conviction for the permanent revocation of a person's driver's license." 349 Or at 628. It examined the text and context of ORS 809.235(1)(b)(A)(i) to resolve that issue:

> "Subparagraph (i) refers to convictions for DUII in violation of 'ORS 813.010.' It does not refer to DUII convictions in violation of ORS 813.010 and its statutory predecessor. It is thus possible to infer, as defendant does, that the legislature intended to limit in-state predicate convictions to those convictions entered after January 1, 1986—the effective date of the 1983 act that revised and recodified the vehicle code. As this court has explained, however, a statute's 'text should not be read in isolation but must be considered in context.' *Stevens v. Czerniak*, 336 Or 392, 401, 84 P3d 140 (2004); *see State v. Barrett*, 331 Or 27, 32, 10 P3d 901 (2000) (same). In this case, the statutory context cuts against defendant's interpretation * * *."

*Kellar*, 349 Or at 634.

The court observed that the context demonstrates that "the legislature intended the revised vehicle code to be a seamless continuation of the provisions that preceded them." *Id*. Indeed, the legislature "specified that ORS 813.010 was a continuation of *former* ORS 487.540," and, accordingly, "the reference to ORS 813.010 in ORS 809.235" would be a slim basis on which to disregard that intent. *Id*. at 635. In addition, "an out-of-state DUII conviction may serve as a predicate conviction for the permanent revocation of a person's driver's license, without regard to when the out-of-state conviction occurred." *Id*. That lack of time limitation for out-of-state convictions, the court concluded, weighed against imposing such a limitation for in-state convictions. The court also observed that changes to ORS 809.235 over time indicated "that the reference to convictions 'in violation of ORS 813.010' includes convictions in violation of both the named statute and its identically worded predecessor." *Id*. at 636 (footnote omitted). Accordingly, the court concluded that, in view of the "text and context of ORS 809.235[,] * * * a misdemeanor DUII conviction in violation of *former* ORS

487.540 counts as a predicate conviction for the purposes of permanent revocation of a person's driver's license." *Id*. at 637.

The court in *Kellar* specifically declined to consider "whether a conviction for an infraction DUII in violation of *former* ORS 487.540 can serve as a predicate conviction for the purposes of ORS 809.235." *Id*. at 637 n 10. That is the question that we must resolve in this case and, for reasons similar to those relied on by the court in *Kellar*, we answer that question in the affirmative.

First, we observe that the legislative intent underlying ORS 809.235 is to cover an expansive range of conduct. That is illustrated by the evolution of that statute, as set forth in *Kellar*:

"Initially, ORS 809.235 required permanent revocation of a person's driver's license only when that person had been convicted of using a motor vehicle to commit murder or manslaughter. Or Laws 1993, ch 761, § 2. In 2001, the legislature provided that the class of persons whose licenses were subject to permanent revocation also included persons convicted of felony DUII. Or Laws 2001, ch 786, § 1. Two years earlier, the legislature had provided that a person was guilty of felony DUII if the person 'has been convicted of driving while under the influence of intoxicants in violation of this section [ORS 813.010] or its statutory counterpart in another jurisdiction at least three times in the 10 years prior to the date of the current offense * * *.' Or Laws 1999, ch 1049, § 1.

"In 2003, the legislature amended ORS 809.235 to require permanent revocation of a person's driver's license 'if the person is convicted of misdemeanor driving while under the influence of intoxicants under ORS 813.010 for a third time.' Or Laws 2003, ch 346, § 2. The 2003 amendment effectively reduced the number of DUII convictions required for a permanent revocation from four (for felony DUII) to three. It also contained no time limitation, unlike felony DUII which required that the three prior DUII convictions have occurred within 10 years of the fourth DUII. The 2003 amendment to ORS 809.235, however, limited the class of convictions that would result in permanent revocation to misdemeanor convictions in violation of ORS 813.010. In that respect, it was narrower than the felony DUII

statute, which included prior DUII convictions in violation of ORS 813.010 *and* its statutory counterparts in other jurisdictions.

"The legislature removed that latter limitation, in part, in 2005 by amending ORS 809.235 to require permanent revocation of a person's driver's license 'if the person is convicted of misdemeanor driving while under the influence of intoxicants in violation of ORS 813.010 or its statutory counterpart in any other jurisdiction for a third or subsequent time.' *See* ORS 809.235(1)(b) (2005) (codifying Or Laws 2005, ch 436, § 1)."

349 Or at 631-32 (brackets, omission, and emphasis in original).

In 2007, "the legislature expanded ORS 809.235 yet again." *Id.* at 632. First, it "omitted the term 'misdemeanor,' found in the 2003 and 2005 versions of ORS 809.235, as a limitation on the DUII convictions that can serve as predicate convictions for the purposes of ORS 809.235." *Id.* at 633. In addition, it "expanded the category of DUII offenses from other jurisdictions that will result in the permanent revocation of a person's driver's license to include acts that violate that jurisdiction's DUII laws but that might not be criminal in Oregon." *Id.* That expansive intent weighs against defendant's position.

Furthermore, as discussed in *Kellar*, the revised vehicle code provisions were intended "to be a seamless continuation of the provisions that preceded them," *id.* at 634, and a conviction under *former* ORS 487.540 serves as a predicate conviction for purposes of ORS 809.235. The statute does not contain any express limitation stating that, to be a basis for permanent revocation of a person's driving privileges, convictions must be for misdemeanor DUII. As noted, in 2007, the legislature specifically removed the requirement of ORS 809.235 that a predicate conviction must be for a misdemeanor. When it deleted the term "misdemeanor" from ORS 809.235, the legislature instead provided that predicate convictions included "any of the following *offenses* in any combination." Or Laws 2007, ch 879, § 4 (emphasis added). The use of the term "offenses" is "significant, as the legislature has defined 'offense' to include

violations." *State v. Donovan*, 243 Or App 187, 198, 256 P3d 196 (2011) (citing ORS 161.505 (defining 'offense' as a crime or a violation)). In our view, the legislature's deletion of the term "misdemeanor" from ORS 809.235 was a continuation of its expansion of the coverage of that statute and is indicative of a legislative intent for in-state infraction DUII convictions to serve as predicates for the permanent revocation of a person's driving privileges.

Finally, out-of-state convictions for infraction DUII are considered the "statutory counterpart" to a conviction pursuant to ORS 813.010. *See Donovan*, 243 Or at 198 (a New York traffic infraction DUII is a statutory counterpart to ORS 813.010). Here, as in *Kellar*, "without some apparent basis for giving greater effect to out-of-state DUII convictions than in-state DUII convictions, that context counsels against reading the reference to convictions in violation of ORS 813.010 as narrowly as defendant would." *Kellar*, 349 Or at 635.

In view of the foregoing, we are convinced that, contrary to defendant's assertion, a conviction for an infraction DUII under *former* ORS 487.540 counts as a predicate offense for permanent revocation of a person's driving privileges pursuant to ORS 809.235. Accordingly, the trial court in this case did not err in this case when it ordered the permanent revocation of defendant's driving privileges.

Affirmed.