IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| BERT BRUNDIGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170044G |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **FINAL DECISION**[1] |

This case concerns the scope of the exemption for equipment used in logging road

construction granted by ORS 307.827.[2]  Plaintiff (the taxpayer) appealed the denial of the

exemption to some of its equipment for the 2016–17 tax year.[3]  Oral argument on the parties'

cross-motions for summary judgment was held December 14, 2017.  The taxpayer was

represented by James R. Dole, attorney-at-law.  Defendant–Intervenor (the department) was

represented by Kristen Ennis, Assistant Attorney General, and James C. Wallace, Senior

Assistant Attorney General.[4]

At the outset of oral argument, the department moved to dismiss the Complaint as

---

[1] This Final Decision incorporates without change the court's Decision, entered February 23, 2018.  The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[3] Plaintiff withdrew the two prior years from its appeal.

[4] Defendant Douglas County Assessor was excluded from participation in the proceedings after failing to file an answer or otherwise respond to the Complaint.

untimely. The court denied the department's motion, finding that the department had waived a defense of untimeliness as to the 2016–17 tax year by not raising it in its first filed pleading. *See* TCR–MD 2 B.[5] The court denied the department leave to amend its pleading because it failed to show that it "did not know and reasonably could not have known of the existence of the defense" or that there were other circumstances justifying amendment of its pleading. *See* TCR 21 G(2).[6]

## I. STATEMENT OF FACTS

The facts are drawn from the parties' Stipulation of Facts. The taxpayer is in the business of constructing, maintaining, and decommissioning logging roads. The following list is drawn from the taxpayer's description of 10 pieces of equipment it owns and uses solely for "logging road construction, maintenance, reconstruction or improvements, including the closing or obliterating of existing forest roads."

    a.    Loader with bucket
    b.    Loader
    c.    Grader
    d.    D8 Bulldozer
    e.    Roller
    f.    Bulldozer
    g.    D8 Bulldozer
    h.    Back Loader
    i.    Track Hoe
    j.    Roller

The taxpayer applied to have the above property exempted from tax pursuant to ORS 307.827. The assessor granted an exemption for the track hoe and denied an exemption for the other equipment. The parties stipulated that each of the listed pieces of equipment other than the track hoe is commonly known to differ from an excavator.

/ / /

---

[5] Tax Court Rule – Magistrate Division (TCR–MD)

[6] Tax Court Rule (TCR)

## II. ANALYSIS

The issue is whether the exemption for logging equipment found in ORS 307.827 applies to the taxpayer's loaders, graders, bulldozers, and rollers.

ORS 307.827 grants an exemption to logging equipment originally manufactured after 1992. "Logging equipment" is defined as follows.

> " (b) 'Logging equipment' means machinery and equipment:
>
> " (A) Used in logging or forest management operations involving timber harvest, including the felling, bucking, yarding, loading or utilization of timber, logs or wood fiber in the forest, or used in reforestation, forest vegetation restoration, site preparation, vegetation control, stand and tree improvement or thinning;
>
> " (B) That is specifically designed for activities related to water quality or fish and wildlife habitat protection in the forest; or
>
> " (C) Consisting of excavators used in logging road construction, maintenance, reconstruction or improvements,[7] including the closing or obliterating of existing forest roads."

ORS 307.827(2)(b).

The taxpayer argues that subparagraph (A) encompasses equipment used in logging road construction. Alternatively, the taxpayer argues that the "excavators" of subparagraph (C) include all machines that dig. Defendant argues subparagraph (A) does not extend to equipment used in logging road construction and that an "excavator" is a specific type of machine differing from the unexempted machines at issue here.

Oregon courts follow the interpretative methodology set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610–12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). First, the text and context of the statute are examined, and courts give them primary weight in the analysis. *Gaines*, 346 Or at 171. Examination of a statute's text and

---

[7] The plural *improvements* does not fit the syntax of the statutory sentence.

context includes application of rules of construction "that bear directly on how to read the text." *PGE*, 317 Or at 611. After examining text and context, a court will consider pertinent legislative history proffered by a party "where that legislative history appears useful to the court's analysis." *Gaines*, 346 Or at 172. Finally, if text, context, and legislative history do not suffice, a court may apply "general maxims of statutory construction." *PGE*, 317 Or at 612; *Gaines*, 346 Or at 172.

A.    *The Breadth of Subparagraph (A)*

Logging equipment, under ORS 307.827(2)(b)(A), includes equipment "[u]sed in logging or forest management operations involving timber harvest[.]" Those general terms are then supplemented by a list of specific logging operations—"including the felling, bucking, yarding, loading or utilization of timber, logs or wood fiber in the forest"—the equipment for which is included in the definition. The taxpayer argues that equipment used in logging road construction is included in subparagraph (A) because road construction is a necessary part of a logging operation and so such equipment is "used in logging." Although road construction is not specifically named in the subsequent list, the taxpayer rightly points out that the list is prefaced with "including," indicating that it may not be exhaustive. *See State v. Kurtz*, 350 Or 65, 75, 249 P3d 1271 (2011) ("including" typically indicates list of examples to be read in nonexclusive sense).

As the taxpayer rightly points out, the "or" following subparagraph (B) is inclusive, meaning that "logging equipment" is meant to include any equipment found in any of the three subparagraphs. Subparagraph (C) must therefore inform any reading of subparagraph (A).

The court generally construes a statute "in a manner that gives effect, if possible, to all its provisions." *Crystal Communications, Inc. v. Dept. of Rev.*, 353 Or 300, 311, 297 P3d 1256

(2013). Thus, the court seeks to avoid redundancy in interpreting statutes. *State v. Kellar*, 349 Or 626, 636, 247 P3d 1232 (2011).

The taxpayer's proposed construction would result in just such a redundancy. ORS 307.827(2)(b)(C) includes as logging equipment "excavators used in logging road construction, maintenance, reconstruction or improvements, including the closing or obliterating of existing forest roads." If "logging road construction"—or any of the other listed operations—was among the "logging or forest management operations involving timber harvest" contemplated by subsection (A), then subsection (C) would be redundant—all logging road construction equipment, including excavators, would already be covered by subsection (A). In that case, subsection (C) would be meaningless surplusage.

The department's proposed construction, by contrast, gives effect to both subparagraphs. The statute distinguishes work done on logging roads from "logging and forest management operations involving timber harvest." That distinction is not meaningless. Where a statute contains list of examples, the court seeks to find "a common characteristic among the listed examples." *See Kurtz*, 350 Or at 76 (quoting *Schmidt v. Mt Angel Abbey*, 347 Or 389, 405, 223 P3d 399 (2009)) (original emphasis removed). A common characteristic of the examples listed in subparagraph (A)—felling, bucking, yarding, and loading—is that they all refer to activities directly concerned with cutting and handling timber. Road construction, by contrast, is a more remote operation—a necessary precondition to the timber harvest, but not part of the harvesting itself. The fact that the taxpayer in this case is able to specialize in building and maintaining logging roads, without harvesting timber, demonstrates the distinctness of the operations.

Accordingly, the court holds that, for purposes of ORS 307.827, "logging road construction, maintenance, reconstruction or improvements, including the closing or obliterating

of existing forest roads," are not among the "logging or forest management operations involving timber harvest[.]"

The department proffered legislative history to support its reading of ORS 307.827, which the taxpayer argues was irrelevant. Given that the statute's text and context establish the department's reading as correct, analysis of the statute's legislative history does not appear useful here. *See Gaines*, 346 Or at 172.

B.       *The Meaning of* Excavator

The parties also briefed and argued the question of whether the statutory term *excavator* encompasses the taxpayer's loaders, graders, bulldozers, or rollers. The taxpayer urges the court to adopt a dictionary definition of *excavator*: "any of various machines (as a steam shovel) for excavating earth." *Webster's Third New Int'l Dictionary* 791 (unabridged ed 2002). The department contends that "excavator" is a technical term in the construction industry, and, regardless, the dictionary definition refers to a machine resembling a steam shovel and not simply any digging machine.

"[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. However, where a term "has acquired a specialized meaning in a particular industry or profession," the court assumes "the legislature used the term consistently with that specialized meaning." *Zimmerman v. Allstate Prop. & Cas. Ins. Co.*, 354 Or 271, 280, 311 P3d 497 (2013) (construing "proof of loss" as specialized term in insurance industry).

The parties dispute whether the dictionary entry—with its reference to steam shovels— imparts a wide or narrow definition to *excavator*. However, the parties do not dispute that each of the taxpayer's unexempted pieces of equipment is "commonly known" to differ from an excavator. (Stip Facts at ¶¶ 14–17.) Furthermore, at oral argument counsel for the taxpayer

admitted that participants in the logging industry would distinguish an excavator from the taxpayer's other pieces of equipment.

Thus, while there is a dispute as to the ordinary meaning of *excavator*, there is no dispute that the term suffices within the logging industry to distinguish the taxpayer's nonexempted equipment. It is unnecessary to resolve whether the logging industry uses the term in its ordinary sense or in a specialized sense because the court assumes the legislature would use the term in its specialized sense if there was one. *See Zimmerman*, 354 Or at 280. The court therefore finds that the taxpayer's loaders, graders, bulldozers, and rollers are not "excavators" within the meaning of ORS 307.827(2)(b)(C).

### III. CONCLUSION

The exemption of ORS 307.827(2)(b) does not apply to any equipment used in "logging road construction, maintenance, reconstruction or improvements, including the closing or obliterating of existing forest roads" except for excavators, and none of the equipment at issue here is an excavator. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of March, 2018.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by* <u>*mailing*</u> *to: 1163 State Street, Salem, OR 97301-2563; or by* <u>*hand delivery*</u> *to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within* <u>*60*</u> *days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on March 13, 2018.*