## STATE OF OREGON,
*Plaintiff-Respondent,*

v.

## GORDON EUGENE TUCKER,
*Defendant-Appellant.*

Washington County Circuit Court
C002356CR; A150756

343 P3d 656

Vincent J. Bernabei, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals an order denying his motion to set aside his conviction and records of arrest for public indecency. Defendant contends that the trial court erred in concluding that, under ORS 137.225, he was ineligible to have his conviction set aside because it amounted to a "sex crime," as defined in ORS 181.805. For the reasons set out below, we affirm.

In July 2000, defendant was convicted of misdemeanor public indecency under ORS 163.465. Eight months after that conviction, in March 2001, defendant was again convicted of public indecency. The crime that led to the second conviction occurred in September 2000, approximately two months after defendant's first conviction. Because it was his second conviction for public indecency, defendant's conviction was for a Class C felony. ORS 163.465(2)(b). It also was for a sex crime, as defined in ORS 181.805(5)(t).

In November 2011, defendant's misdemeanor public-indecency conviction was set aside under ORS 137.225(1)(a). That statute allows a defendant to have a conviction set aside if three years have elapsed since the court pronounced its judgment on the conviction and the defendant has fully complied with the sentence imposed for the conviction. Thereafter, defendant sought to have his felony public-indecency conviction set aside, and the state objected, contending that, because his felony conviction was for a "sex crime," it was ineligible to be set aside under ORS 137.225. The trial court agreed with the state and denied defendant's motion, and defendant appealed.

Before addressing the parties' arguments on appeal, an overview of the pertinent statutory provisions is necessary. ORS 137.225(1)(a) allows a criminal defendant to move for an order setting aside his or her conviction "[a]t any time after the lapse of three years" from the judgment of conviction if (1) the defendant "has fully complied with and performed the sentence of the court," and (2) the defendant's conviction falls within ORS 137.225(5). Subsection (5) provides, as pertinent here:

"The provisions of subsection (1)(a) of this section apply to a conviction of:

"\* \* \* \* \*

"(b)   A Class C felony, except for \* \* \* any sex crime.

"\* \* \* \* \*

"(d)   A crime punishable as either a felony or a misdemeanor, in the discretion of the court, except for:

"(A)   Any sex crime[.]"

If the defendant successfully establishes that he or she is entitled to have the conviction set aside, the court shall enter an appropriate order. "Upon entry of the order, the applicant for purposes of the law shall be deemed not to have been previously convicted." ORS 137.225(3).

On appeal, defendant contends that the trial court erred when it concluded that the conviction that he seeks to have set aside was for a sex crime and, therefore, was ineligible to be set aside. He notes that, under ORS 137.225(14), "'sex crime' has the meaning given that term in ORS 181.805." In turn, ORS 181.805(5) provides a list of offenses that qualify as sex crimes, including "[p]ublic indecency or private indecency *if the person has a prior conviction for a crime listed in this subsection.*" ORS 181.805(5)(t) (emphasis added). Given that framework, defendant argues that, because he is "deemed not to have been previously convicted" of the misdemeanor public-indecency conviction that was set aside, his Class-C felony conviction is no longer a conviction for a "sex crime." In other words, although defendant's *second* public-indecency conviction was a conviction for a sex crime when the court entered the conviction, it ceased to be a conviction for a sex crime after the court set aside defendant's *first* public-indecency conviction. Accordingly, he contends that he was entitled to have the second public-indecency conviction set aside as well.

In support of that argument, defendant cites two cases—*State v. Blankenship*, 129 Or App 87, 877 P2d 674 (1994), and *State v. Burke*, 109 Or App 7, 818 P2d 511 (1991), *rev den*, 312 Or 589 (1992)—for the proposition that eligibility for the set-aside remedy in ORS 137.225 is governed by the law that applies at the time that relief is sought, not the law that applied at the time of the conviction. *Blankenship* and *Burke* both involved defendants who had been convicted

of first-degree sexual abuse before 1989. The defendants both moved to have their convictions set aside after 1989. However, in the interim, the legislature had amended ORS 137.225 to exclude certain convictions for child abuse—including first-degree sexual abuse—from that statute's set-aside remedy.

In both cases, we concluded that the defendants were ineligible to have their convictions set aside, notwithstanding that each defendant would have been eligible for relief under ORS 137.225 as it existed at the time of their convictions. In doing so, we noted that ORS 137.225(8) (1989)[1] "unambiguously expresses legislative intent to have ORS 137.225 apply, *regardless* of the date of conviction." *Burke*, 109 Or App at 10 (emphasis in original). Because the context of the statute evinced "the legislature's determination to bar the setting aside of convictions for child-related sexual abuse in the first, second or third degrees," *Blankenship*, 129 Or App at 91, and because both defendants had been convicted of that type of offense, neither was eligible for relief.

While acknowledging those cases, the state argues that they are inapposite, because neither ORS 163.465—which defines the crime of public indecency—nor ORS 137.225 have meaningfully changed since defendant's conviction: At all pertinent times, ORS 137.225 foreclosed its set-aside remedy for any conviction for a "sex crime." Thus, the state contends that the dispositive issue is whether a conviction for public indecency comes within the definition of conviction for a "sex crime" under ORS 181.805(5)(t) if the defendant *had a prior conviction* for public indecency *when he was convicted of that offense*, or, instead, it comes within the definition only so long as the defendant *has* the prior conviction. After examining the context of that definition, we conclude that the state's view is the correct understanding of the statute.

---

[1] At that time, ORS 137.225(8) (1989) provided:

"The provisions of subsection (1) of this section apply to convictions and arrests which occurred before, as well as those which occurred after, September 9, 1971. There shall be no time limit for making such applications."

Subsequent amendments have moved that provision to ORS 137.225(10), but no substantive changes to the text of the provision have been made.

ORS 181.805(5)(t) provides that the offense of "public indecency" is a "sex crime" "if the person has a prior conviction" for public indecency or another sex crime. That definition does not stand alone; it is among 25 sex crimes defined in ORS 181.805(5). Many of the enumerated sex crimes in ORS 181.805(5) are unqualified—that is, any instance of the crime is a sex crime. *E.g.*, ORS 181.805(5)(a) ("[r]ape in any degree"); ORS 181.805(5)(b) ("[s]odomy in any degree"). Others, like public indecency, are qualified— that is, an instance of the crime is a sex crime only if some predicate requirement is met. *E.g.*, ORS 181.805(5)(L) ("[k]idnapping in the first degree *if the victim was under 18 years of age*") (emphasis added)); ORS 181.805(5)(q) ("[o]nline sexual corruption of a child in any degree *if the offender reasonably believed the child to be more than five years younger than the offender*") (emphasis added)).

The majority of the predicate requirements for the specified sex crimes temporally relate back to the commission of the crime. *E.g.*, ORS 181.805(5)(L) (first-degree kidnapping is a sex crime if "the victim was under 18 years of age"); *see also* ORS 181.805(5)(p) - (r), (x) - (y). And that makes sense. Whether or not an offense is a sex crime must be determinable before the defendant's conviction, because a conviction for a sex crime carries significant consequences, beginning with the defendant's designation as a sex offender. ORS 181.805(6)(a) ("'Sex offender' means a person who * * * [h]as been convicted of a sex crime[.]").

Nevertheless, the predicate requirements for three of the enumerated sex crimes—including whether a defendant "has a prior conviction" for purposes of public indecency— are capable of being interpreted to relate to a later, unspecified point in time. First, as we have noted, public or private indecency is a sex crime only if the defendant "has a prior conviction" for public or private indecency or another sex crime. ORS 181.805(5)(t). Second, and similarly, purchasing sex with a minor is a sex crime if "the offense is the defendant's second or subsequent conviction." ORS 181.805(5)(v). Finally, sexual misconduct is a sex crime "if the offender is at least 18 years of age." ORS 181.805(5)(n). The problem for defendant is that, outside of his proffered construction in the context of a motion to set aside a conviction under

ORS 137.225, there is nothing that suggests another point in time to which the offenses relate *other than* the date of the commission of the offense or, perhaps, the date that the defendant was charged or convicted of the offense. Instead, viewed in context, we conclude that public indecency *is* a sex crime under ORS 181.805(5)(t) if the defendant "has a prior conviction" for public or private indecency or another sex crime at the time of the offense.[2]

Thus, because defendant's conviction was for a sex crime, he was ineligible to have that conviction set aside under ORS 137.225(5)(b), and the trial court did not err in so concluding.

Affirmed.

---

[2] We recognize that the distinction among the time that a person commits an offense, the time that the person is charged with it, and the time that the person is convicted of it may, in some instances, matter. However, because defendant's first public-indecency conviction was entered before defendant committed of his second offense, we need not, and do not, determine which of those times matters for purposes of ORS 181.805(5)(t).